FERGUSON, adm'r, &c. *vs.* KIMBALL and others.

Upon a rehearing, the case is open, as to the party upon whose application the order for a rehearing was granted, only as to those parts of the decree which were complained of in the petition upon which that order was founded.

Form and requisites of a decree for the foreclosure of a mortgage, and the sale of the mortgaged premises, where the mortgage is conditioned for the support of the widow of the mortgagee, and where the several owners of different parcels of the mortgaged premises are bound to contribute to her support ratably.

THIS was an appeal by the defendants W. Kimball, D. Tucker, and D. Tucker, jun. from a decree of the vice chancellor of the fifth circuit, made upon the rehearing of a mortgage case, after a decree of foreclosure and sale had been made therein.

*W. Crafts*, for the appellants.

*T. E. Clark*, for the respondents.

THE CHANCELLOR.    It has long been settled in this court that upon a rehearing, the case is open, as to the party upon whose application the order for a rehearing was granted, only as to those parts of the decree which were complained of in the petition upon which that order was founded. (*Consequa* v. *Fanning*, 3 *John. Ch. Rep.* 594.)    By the original decree in this case the vice chancellor decided and declared, that the condition of the bond and mortgage, for the foreclosure of which this suit was brought, had not been complied with.    And he directed a reference to a master to ascertain the amount justly due for that portion of the support of the widow of the mortgagee which ought to have been provided for her, according to the condition of the bond and mortgage, but which had not been provided for by the mortgagor or those claiming under him; with interest.    The decree then directed the master to ascertain and report the value of the contributions, if any, which the several owners of the different parcels of the mortgaged premises respectively had furnished towards the support of the

widow; with interest thereon. And the decree declared that, as between the defendants themselves, in apportioning the damages and costs upon the portions of the mortgaged premises owned by them respectively, on a sale thereof, if sold in parcels, regard should be had to what each owner had contributed; that an equitable apportionment should be made, of the damages and costs, with reference to such contributions, as well as to the value of the respective portions of the mortgaged premises. It further declared that such contribution and apportionment should in no wise affect the lien of the mortgage upon any part of the mortgaged premises; but that entire satisfaction of the whole amount due upon the mortgage was to be made out of the mortgaged premises. The decree then directed that the mortgaged premises, or so much thereof as might be necessary to raise the amount due to the complainant, upon the mortgage, with interest and costs, and which could be sold in parcels, should be sold by the master; that he should pay the complainant his costs, and the amount which had been reported due with interest; and that he should bring the surplus into court to abide its further order. The decree also charged the defendants personally with the payment of any deficiency which might be reported due, to the complainant, by the master.

. No complaint was made in the petition upon which the order for a rehearing was granted, that the decree was erroneous because the personal representative of the mortgagee was joined with the widow as a complainant; or because the decree was irregularly made after her death, without bringing her personal representative before the court; or that the bill should have been dismissed because the condition of the bond and mortgage had been performed, and that the declaration in the decree deciding the contrary to be the fact was erroneous. The first objection made to the decree was as to the form of the order of reference; the petitioners contending that as the widow was dead the only inquiry should be who had supported her, and how much was expended in her support, in the manner in which she was supported, and the names of the persons who had furnished such support; in order that they might be enabled to

get their pay. But in all these respects the directions in the original decree were right, and the provision which the defendants sought to have substituted was wrong. If the widow had not received a sufficient support, suitable to her situation and circumstances, which the mortgagor was bound to furnish according to the condition of the bond and mortgage, that condition was broken. And those who were bound to support her in that manner ought not to be exempted from liability by showing that she had in fact received but a partial support from any person. Nor should the charge upon the mortgaged premises be limited to the cost of the support which she had actually received, although it might not have been more than a tithe of what she was entitled to according to the condition of the bond and mortgage.

The complainant, as personal representative of the person to whom the bond and mortgage was given, for her benefit, will hold the amount recovered by him, under this decree, as the trustee for the creditors or distributees of the deceased widow. And when administration is granted upon her estate he must account to her administrator for the amount so received; to be applied for their benefit. The objection therefore that the personal representative of the widow was not before the court, if it would have been valid at any time, as I am inclined to think it would have been had it been raised at the original hearing, did not arise under the petition for a rehearing. For there was no complaint in that petition that the cause was not revived as against her personal representative previous to the original hearing of the cause.

The second objection contained in the petition upon which the order for a rehearing was granted, was to the decree of sale; the defendants insisting that the decree should have contained a provision that if the sum reported due was not sufficient to sustain the jurisdiction of the court, the bill should be dismissed with costs; and that if the sum reported due was sufficient for that purpose that the defendants pay the amount reported due upon the mortgage to the persons entitled thereto for supporting the widow, or that so much of the premises be sold as would pay that sum; and that the part of the premises

Ferguson *v.* Kimball.

which was owned by such of the defendants as had not paid their share for the support of the widow, be sold, or in such equitable manner as the court might direct. The first part of this objection certainly ought not to be sustained. For there was nothing before the court to show a want of jurisdiction on the ground that the matter in controversy was not more than $100. And if more than that sum was *claimed* to be due, the court could not be divested of its jurisdiction to make a decree for the sale of the mortgaged premises, even if the master should come to the conclusion that less than $100 was in fact due.

Besides, in this case it appears that the mortgagor was insolvent; so that there could be no remedy by a suit at law upon the bond. And from the nature of the case the mortgage could not have been properly foreclosed under the statute, even if it had contained a power of sale; as it was given as a security to cover unliquidated damages. The result of an attempt to foreclose a mortgage of that kind under the statute would only be to drive the owners of the mortgaged premises to file a bill in this court for relief. In such a case, therefore, where the costs are in the discretion of the court, if the actual amount in controversy is over $100, it would be wrong to insert any provision in the decree, even exempting the defendant's land from liability for the costs of the suit; in case the amount actually due should turn out to be less than $100.

The other objection to this part of the decree proceeds upon the supposition that the master has been authorized, by the order of reference contained in such decree, to inquire as to the value of the different portions of the mortgaged premises, and to apportion the amount due among the different owners thereof; whereas he is only directed to inquire how much each owner has already paid. And that part of the decree is not complained of in the petition for a rehearing. The part of the decree which directs an apportionment must be construed as a mere declaration of the principles upon which the rights of the defendants are hereafter to be adjusted, between themselves, after sufficient of the premises shall have been sold to pay the amount reported due. I do not see any thing in this case to take it out

Ferguson *v.* Kimball.

of the general principle, that where a mortgagor, who is personally liable for the debt, sells the mortgaged premises in parcels to two or more persons at different times, such parcels shall be charged with the amount due upon the mortgage in the inverse order of their alienation. If that was the objection intended to be made to the decree, it was a question between the defendants only, in which the complainant is not interested. And the appellants, in their joint petition for a rehearing, should have agreed among themselves how they wished the premises to be sold; so that the decree might have been modified accordingly. At all events it was impossible, in this case, without entirely changing the parts of the decree not complained of, to give the directions asked for. Nor can the defendants bring a joint appeal, against the complainant, because the court has given a direction to the master, who is to make the sale, which they are only interested in as between themselves, and which they may agree to adjust as they please; or which they might remedy by applying for a separate order, previous to the sale.

The objection that the defendants had been personally charged for the deficiency, if any there should be, having been sustained upon the rehearing, and the decree corrected in that respect, I do not see that there was any error in the decree which was made upon such rehearing. The decree appealed from must therefore be affirmed with costs; without prejudice, however, to the rights of the appellants, as between themselves, as to contribution towards the payment of the amount due upon the mortgage, with interest and costs.

The decree of affirmance must also direct that if the mortgaged premises shall not sell for enough to pay the amount reported due, with interest and costs, the appellants shall pay to the respondent the value of the rents and profits of the mortgaged premises during the time which he may have been delayed by this appeal, or so much thereof as may be sufficient to pay such deficiency, as damages for the delay and vexation caused by the appeal; to be ascertained by a reference to a master, under the direction of the vice chancellor.