Welles, J.
 

 This, it seems to me, is a clear case for the defendant. The assignment from Hare and Pugh to Whitehead, dated December 5, 1851, was in the nature of a chattel mortgage, by which the latter acquired a lien, to the' extent of his demand against the former, upon the property and ehoses in action' assigned. It cannot be distinguished in principle from
 
 Leitch
 
 v.
 
 Hollister
 
 (4 Comst., 211). It is claimed by the plaintiffs that this case is unlike that, inasmuch as the instrument in this embraces and transfers all the'assignors’ property and things in action; whereas that conveyed only a single thing—-a chose in action. But .it is not perceived how that circumstance can affect the principle. In
 
 Leitch
 
 v.
 
 Hollister
 
 the assignment was given
 
 *133
 
 expressly to secure the demands of several creditors of the assignor who were his assignees, and provided for the return, to the assignor of any surplus which might remain after the payment of those debts. In the present case the assignment does no more. It expressly states that it is made to secure the debt which Hare and Pugh owed Whitehead, and provides for the return of any surplus to Hare and Pugh, In neither case did the assignment create a trust within the meaning of the statute, which declares “that all conveyances, transfers or assignments of goods or things in action made in trust for the use of the person making the same, shall be void against creditors existing or subsequent. (2 R. S., 135, § 1.) Whatever idea of trust the nature of the transaction necessarily implied, such trust was incidental, and no part of the object of the instrument,
 

 The distinction in such cases is between a conveyance in trust in the strict and proper sense of the term, where the trustee acquires the entire title to the subject matter of the trust, and where the trust can only be enforced or controlled in equity, and a case where a creditor can at once proceed and sell the residuary interest or equity of redemption of the assignor, if the thing assigned be property Which may be sold on execution, or, if not, where he may reach that interest by a bill or action in equity in the nature of a creditor’s bill—the same as if it never had been assigned—subject only to the lien created by the assignment.
 

 A mortgage upon all of the debtor’s goods and things in action would be valid beyond a doubt. This in effect was nothing more. The question presented to us is simply upon the validity of the instrument upon its face; and we think it free from the criticism applied to it.
 

 There being nothing in the case to impeach the
 
 5onafides
 
 of the transactions between the defendant, Whitehead, and his debtors, Hate and Pugh, we think the judgment of the Supreme Court should be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.