### Jane Daniels, Administratrix, vs. Elvira Eisenlord and others.

A mortgage conditioned for the support of the mortgagee by the mortgagor, during her life time, cannot be foreclosed for the benefit of persons who had boarded the mortgagee at the request of the mortgagor. Such a mortgage is for the benefit of the mortgagee, and not for the benefit of those who may, at the request of the mortgagor, furnish her with support.

Where a bill is dismissed at the hearing, the costs are in the discretion of the Court, except where special provision is made by statute. And this is so, notwithstanding the complainant was administratrix, and filed the bill in her representative capacity.

*Heard July 16th and 17th. Decided October 14th.*

DANIELS v. EISENLORD.

Appeal from Wayne Circuit in Chancery.

Complainant, as administratrix of Mary Eisenlord, filed her bill to foreclose a mortgage given to said Mary by her son, Spencer Eisenlord, June 28, 1845, conditioned that the said Spencer Eisenlord should support and maintain said Mary, from the date of said mortgage, during her natural life, and furnish her with all proper and necessary board, meat, food, drinks and lodgings, together with all proper nursing, medicine, and medical attendance in sickness, and to provide and furnish her with all necessary and decent clothing and wearing apparel, and to pay all necessary funeral charges. The defendants are the widow and heirs at law of the mortgagor, whose estate is alleged to have been fully administered upon.

The bill alleged that neither the mortgagor, in his life time, nor the defendants, after his death, performed the condition of the mortgage; that the mortgagee was deceased, and complainant duly appointed her administratrix, and that in the course of administration on the estate of said mortgagee, claims were duly allowed against such estate to the amount of $922 for the board of the said Mary, and for care, nursing, and medical attention while sick; and also $21 50 for tomb stones for said Mary, for the satisfaction of which sums a sale of the mortgaged premises was prayed.

Answers were filed to this bill, which were replied to, and testimony taken. The proofs showed the allowance of claims against the estate of said Mary Eisenlord for her care and board, after the date of the mortgage, as follows: To John S. Daniels, $782; to Lawson A. Van Akin, $80; and to William R. Parmalee, $60. Also, to John S. Daniels, $21 50, for tomb stones. Other evidence showed that this board and care was furnished by the claimants at the request of the mortgagor. While the mortgagor's estate was in process of settlement, Daniels presented against it his claim for the board and care of said Mary, and it was adjudicated upon.

DANIELS v. EISENLORD.

Other evidence is stated in the opinion.

The Court below dismissed the bill, and awarded costs against complainant personally.

*John W. Longyear*, for complainant, insisted that the allowances made by the Probate Court could not be attacked collaterally, but were conclusive as to the facts necessarily involved in making them; which were

1. That the mortgagee was taken care of, boarded, and furnished with medicine and attendance during the period specified, *by persons other than the mortgagor*, and that at the time of her death she was legally liable to such persons therefor.

2. That her burial expenses, including tomb stones, were also paid by others.

3. That the value of such care, board, medicine and attendance, and the amount of such burial expenses, were as found and reported by the commissioners.

4. That the persons in whose favor such allowances were made, were justly and legally entitled to the same.— 26 *Ala.* 639, 650; 1 *Ind.* 451.

These facts establish a breach of the condition of the mortgage to the extent of the claims allowed.

He also argued that the Court erred in awarding costs against complainant, unless she was adjudged to have brought the bill wantonly.—2 *Burr. Pr.* 88; 4 *Cow.* 87; 18 *Wend.* 636. And the ground for awarding costs against her should have appeared in the decree.

*W. Gray*, for defendants.

MANNING J.:

The mortgagor agreed to support, maintain and provide for his mother, the mortgagee, during the term of her natural life, and was to furnish her with proper and necessary board, wearing apparel, meat, food, and medical

DANIELS v. EISENLORD.

attendance, and pay all funeral charges at her death. There is no evidence the mortgagor in his life time, or his heirs after his death, refused to do all that the condition of the mortgage called for; or of any demand made on them, or either of them, by the mortgagee, or any one on her behalf, for her support. The evidence shows she lived with the mortgagor about eleven weeks, and in the families of Daniels, Van Aiken, and Parmelee, the rest of the time — mostly in that of Daniels — at the request of the mortgagor. Whatever claim they severally had for boarding and taking care of her, was against the mortgagor, and not against her personally. The mortgage was for her benefit, and not for the benefit of those who might provide her with board and lodging at the request, and on the procurement, of the mortgagor. Daniels' claim was presented to the commissioners on the estate of the mortgagor, for allowance. We are all clearly of the opinion no breach of the condition of the mortgage is proven, and that the Circuit Court did right in dismissing the bill, with costs.

Where the bill is not dismissed by complainant, or for want of prosecution, and no special provision is made by statute for costs, they are to be paid by such party as the Court shall direct.— *Comp. L.* §§ 5595, 5596. We think the Court fully warranted by the circumstances of the case in giving costs against the administratrix.

The decree is affirmed, with costs.

The other Justices concurred.