## SMITH vs. SMITH and wife.

CONTRACT.  *Bond for maintenance — Construction — Breach.*
COSTS:  *When not allowed to either party.*

1. Defendants executed a mortgage of land to secure a bond of the defendant husband in the sum of $4,000, conditioned for the support of plaintiff for the remainder of her natural life, in a good, comfortable and suitable manner, as a member of his (said defendant's) family, and in the same style and condition as his own family, with a further

Smith vs. Smith and wife.

covenant for the payment by the mortgagors of all taxes, etc.  *Held*, that an *accidental neglect* of defendants to pay taxes on a part of the premises in a trifling sum before this action was commenced (plaintiff not having requested them to pay the same, and such payment being made by them before issue joined), was *not such a breach of the bond* as entitled plaintiff to a judgment foreclosing the mortgage for the amount thereof.

2. Plaintiff was *not bound to labor* for defendants, and if they persisted in importuning her to do so after her refusal, and thus made her situation as a member of the family uncomfortable, she might have *left their house* for that reason, and might then have claimed that the condition of the bond was broken.

3. If the defendants withheld from plaintiff the *ordinary domestic courtesies*, which they extended to other members of their family, and which were essential to her comfort, and if they *persisted in doing so* against her protest, she might have *left the house* and claimed that the condition of the bond was broken.

4. But where the demand for labor and the discourtesy alleged were continued for *only a short time*, and plaintiff thereafter continued for a long time to be a member of the family, and it is not alleged that when she ceased to be so it was on account of any bad treatment, she could not set up the wrongs thus condoned as a breach of the bond.

5. After plaintiff had lived with them about two years from the execution of the bond, defendants removed from the city where they had been residing, and plaintiff *voluntarily* remained in said city, under an arrangement with defendants for her support there.  *Held*, that these facts do not show any breach of the bond.

6. Defendants having *failed to pay the taxes* above mentioned until after the filing of the complaint, this court, on reversing a judgment against them as for a breach of the bond, *does not allow costs* in the court below to either party.

APPEAL from the County Court of *Winnebago* County.

Action to foreclose a mortgage on certain real estate in the city of Oshkosh, dated August 29, 1868, and executed by the defendants to the plaintiff to secure the performance of the condition of a bond of the same date, executed by the defendant *Hiram* to the plaintiff, in the sum of four thousand dollars. The condition of the bond is for the performance by the obligor of the following contract:

"*First.* The said *Hiram R. Smith*, in consideration of the sum

of four thousand dollars to him in hand paid by the said *Betsey E. Smith*, the receipt whereof is hereby acknowledged and the said *Betsey E. Smith* forever discharged therefrom, doth hereby promise, covenant and agree to and with the said *Betsey E. Smith*, to support and maintain the said *Betsey E. Smith*, during her natural life, in his family, as a member thereof, in a good, comfortable and suitable manner, and in the same style and condition as his own family, furnishing her with good and sufficient clothing and apparel suitable and proper for her condition and style in life; to furnish her with medical attendance and medicines, and proper nurses and nursing during sickness, and in all things care for and support, provide for and maintain, the said *Betsey E. Smith* during the period of her natural life, in his own family as a member thereof, and in the same style and condition that he maintains his own family.

" *Second.* In consideration of the promises and agreements of the said *Hiram R. Smith* hereinabove contained, the said *Betsey E. Smith* does hereby covenant and agree to and with the said *Hiram R. Smith*, to live with him during the period of her natural life, as a member of his family, and to be supported and maintained by him in his said family at his cost and expense as hereinabove specified, and, in consideration of his covenants and agreements herein contained, doth hereby covenant and agree to pay the said *Hiram R. Smith* the sum of four thousand dollars for support and maintenance as aforesaid, during the period of her natural life."

The mortgage contained the usual covenant for the payment, by the mortgagors, of all taxes and assessments on the mortgaged premises.

The breaches of the above conditions and covenants complained of, are stated in the complaint as follows: " The defendants have failed to comply with the conditions of said mortgage, by omitting to pay the taxes on a part of said premises, to wit, on lots 55 and 56, amounting with interest to four dollars and seventy-seven cents; and by neglecting to

pay the amount due on said bond and instrument in writing; and by omitting to support and maintain the plaintiff according to the tenor thereof."

The answer avers that the defendants did not know, when the action was commenced, that any taxes remained unpaid; that they had never been requested by or on behalf of the plaintiff to pay the same; and that they paid such delinquent tax after the action was commenced. The evidence fully sustains these averments. The answer further alleges that the defendants have fully complied with the conditions of the bond, and that there is nothing due the plaintiff thereon.

The material findings of fact by the county court are, 1. That each allegation of the complaint is true; 2. That there is due the plaintiff on the bond four thousand dollars; and 3. That the taxes mentioned in the complaint were paid by the defendants after the action was commenced.

The court rendered a judgment of foreclosure, and for the sale of the mortgaged premises and payment to the plaintiff of said sum of four thousand dollars, costs, etc.; from which judgment the defendants appealed.

Sufficient reference to the testimony will be found in the opinion.

*James Freeman*, for appellant:

1. The conditions of the bond were broken by the plaintiff herself, by her refusal to live with defendants, and they were under no obligation to support her elsewhere. *Rhoades v. Parker*, 10 N. H., 83. The arrangement under which defendant remained at Oshkosh, was voluntary on her part, and she cannot complain of it as a breach of the bond without showing that she has offered to return to defendants' family for support, and been refused. 19 Pick., 398; 20 id., 499. No failure or refusal on the part of defendants to support her was shown. 2. If there was any breach of the bond, which defendants deny, the judgment should have been, not for the full amount of the bond, but for the actual value of her past support, less

the amount of partial support rendered by defendants. 9 Wis., 420; 20 Pick., 499; 3 Barb. Ch., 616. 3. The failure of defendants to pay the small tax of $4 was not a breach of the bond. No injury resulted to plaintiff from its nonpayment, and it was paid by defendant as soon as his attention was called to it.

*Jackson & Halsey*, for respondent:

1. Defendants insisted upon plaintiff's doing work while she remained with them. By the conditions of the bond, she was entitled to her support without any work; and such requirement was a breach for which she was entitled to recover. Hilliard on Mort., 110. 2. Upon the removal of defendants from Oshkosh, plaintiff was abandoned to live entirely alone, was compelled to do her own cooking and housework, and to take care of herself in sickness and health, was poorly provided with the necessaries of life, and received little or no attention from defendants. This constituted a breach of the bond for which plaintiff was entitled to judgment. 3. The neglect by defendants to pay the taxes on the mortgaged premises, though not in itself such a breach as would authorize judgment for the full amount of the bond, was sufficient to authorize the bringing of this action.

LYON, J. I. The delinquent tax or assessment was trifling in amount, and the plaintiff did not pay it or request the defendants to pay it, and was not injured by the failure of the defendants to pay it in due time. Such failure was entirely accidental, and the tax was paid before the issue was made up in the action. Under these circumstances it would be grossly unjust to hold that the nonpayment of the tax before the action was instituted was such a breach of the covenant of the mortgage as will entitle the plaintiff to the relief she demands. We are not aware of the existence of any principle, recognized by courts of equity, which will justify so severe a remedy in such a case. Such nonpayment is, however, a proper subject

to be considered in determining the question of costs, which, in a case like the present, is in the discretion of the court.

II. The testimony shows that the defendants desired, perhaps insisted, that the plaintiff should perform some labor about the house, and that during a portion of the time she lived in their family she did work for them to some extent. It also shows that because of her refusal to do so at a certain time, the defendant *Mrs. Smith* refused to serve her at the table. The plaintiff testifies that such refusal was continued for several days.

The plaintiff was under no legal obligation to labor for the defendants, and if they made her situation as a member of their family uncomfortable, by importuning her to labor, and persisted therein after her refusal to do so, she would doubtless have been justified in leaving their house for that reason, and could then have successfully claimed that the condition of the bond had been broken.

Again, if the defendants withheld from the plaintiff those usual and customary domestic courtesies which they extended to other members of their family, and which were essential to her comfort, and persisted therein against the protest of the plaintiff, she would have been justified in leaving their house for such cause, and the condition of the bond would in like manner have been broken.

But in either case it was necessary, before the defendants can be held to have broken such condition, that the plaintiff should have claimed in some manner that they were doing so, to the end that they might, were the claim well-founded, cease the objectionable acts.

Contracts like that under consideration are quite common (in my opinion quite *too* common); and probably there never was a case in which some breach of the contract, more or less important, might not be proved. But these are usually overlooked or excused. It would be a violation of correct princi·

ples to hold in those cases, that a breach of which no serious notice was taken at the time it was committed, is sufficient to enable one party to the contract to go into court at any time afterwards and enforce against the other the severest consequences of a violation of his contract.

The testimony in this case shows quite satisfactorily that the plaintiff labored only when she chose to do so, notwithstanding the alleged request of *Hiram* and the importunities of his wife.   In that matter, the plaintiff was clearly the victor; for, if we read the testimony correctly, the plaintiff ceased to work for them, and the defendants ceased their efforts in that behalf, a considerable time before she ceased to be a member of their family.

The refusal of *Mrs. Smith* to serve the plaintiff at the table was continued but a short time, after which we hear of no repetition thereof, and no complaint from the plaintiff concerning such refusal, although she remained a member of defendants' family some time longer.

The plaintiff does not aver that she left the house of defendants on account of any bad' treatment which she received while a member of their family.   This fact, and the facts before mentioned, that the objectionable treatment had ceased, and that it was not claimed or insisted upon as a breach of the contract of maintenance, render it now too late for the plaintiff successfully to claim relief by reason of such treatment.

III.   The remaining question is, whether the defendant *Hiram* has refused to support the plaintiff in his family according to the terms of his covenant or agreement.

It appears that she resided in his family on the mortgaged premises, from the time the bond and mortgage were executed, for about two years, when the defendant removed with his family to a neighboring county, leaving the plaintiff in the house on such premises, and leaving with her some articles of furniture.   Since that time she has not resided in the family of the defendants.   *Hiram* gave her $25 when he left, and there

was an agreement between them that she should have the rent of the house. She afterwards rented it at $150 a year, and admits the receipt of rent to the amount of $200.

The plaintiff testifies that when the family removed from Oshkosh, *Hiram* made no provision for her to go with them, and that neither he nor any member of his family asked her to accompany them. She does not say that he refused to take her, or deny that she refused to go with them. *Hiram* testifies that when they moved he asked plaintiff to go with them, and that she refused. *Mrs. Smith* also testifies that she refused to leave Oshkosh with them. These are the only witnesses who testify on the subject. Hence, while there is a conflict of testimony as to whether the plaintiff was asked to go, there is none whatever as to the fact that she refused to remove from Oshkosh with the family of the defendant. After such refusal the defendants were not required to invite her to go with them.

The whole testimony satisfactorily proves that she remained in Oshkosh voluntarily, under an arrangement with *Hiram* to do so, and to receive the rental of the mortgaged premises as at least a part of her support, and this without any reference to any previous failure of *Hiram* to fulfill all of the terms of his agreement with her. There is no testimony tending to show that she has ever sought to return to the defendants' house and to reside in his family. It seems very clear that, until she does so, there is no breach of the condition of the bond in that behalf.

IV. Although we fail to find any breach of the condition of the bond which entitles the plaintiff to a judgment of foreclosure, yet we trust sufficient has been said to indicate to the defendants their legal duty in case the plaintiff elects to reside with them in the future. This controversy should be speedily and amicably arranged, either by a return of the plaintiff to the family of the defendants, or by adequate provision for her support elsewhere. If the first course be taken, the defendants must accord to her the treatment which the bond demands at

their hands, and a court of equity will not be slow to administer the appropriate remedy for any material and uncondoned failure in this respect.

It is not thought advisable to determine here the extent of the relief to which the plaintiff would be entitled were she to recover in the action.

It follows that the judgment of the county court must be reversed, and the cause remanded with directions to dismiss the complaint, but without costs in that court to either party.

. *By the Court.* — So ordered.