GEORGE C. WETMORE, Respondent, *v.* BENJAMIN A. HEGE- | 88    69
MAN, Executor, etc., Appellant.           | 77 AD¹348

During the pendency of this action, which was upon contract, the claim was assigned to J., who took the assignment at the instigation and request of T. & B., a firm of attorneys, and held it expressly in trust for them, he having no interest therein save as such trustee. J. having died, his administratrix, at the request of T. & B., assigned the claim to the present plaintiff who took expressly in trust for them, and was thereupon substituted as plaintiff. *Held,* that plaintiff was trustee of an express trust within the meaning of the Code of Procedure (§ 113), and could, therefore, under it maintain the action without joining with him the persons beneficially interested in the claim, and in the absence of any allegation on the part of defendant of equities, set-off or counter-claim against them, their absence as parties could not harm or embarrass him; also that the claim, upon the death of J., passed to his legal representatives, and his administratrix could transfer the legal title, and as the transfer to plaintiff was made at the request of the sole beneficiaries, he had a perfect title and a sufficient standing to enable him to maintain the action.

Also *held,* that the action of T. & B. in procuring the transfers was not violative of the provisions of the Revised Statutes (2 R. S. 288, § 71), providing that " no attorney * * * shall buy or be in any manner interested in buying any * * * thing in action, with the intent and for the purpose of bringing any suit thereon," as before T. & B. became interested, a suit had been instituted and was then pending.

(Argued January 27, 1882 ; decided February 7, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 16, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Samuel Hand* for appellant. This action could only be revived in the names of the real parties in interest, Therasson & Bryan. (*Phillips* v. *Melville,* 10 Hun, 211 ; Code, §§ 755–757 ; *Hubbell* v. *Medbury,* 53 N. Y. 98–102.) Upon the death of the trustee the trust vested in the Supreme Court if at all.

(*Curtis* v. *Smith*, 60 Barb. 13 ; *Phelps* v. *Masterson*, 3 Robt. 517, 520 ; *Hawley* v. *Ross*, 7 Paige, 103, 106, 107 ; 2 Hun, 93 ; *Dias* v. *Brunel*, 24 Wend. 9 ; *Moses* v. *Murgatroyd*, 1 Johns. Ch. 118, 126, 127, 128 ; *Kipp* v. *The Bank of New York*, 10 Johns. 63, 65 ; Willis on Trusts, 53, n. 111 ; Matthews on Executors, 100, 119, 245.) The claim of Therasson & Bryan, or of their alleged trustee, is barred by the statute of limitations, more than twelve years having elapsed since they purchased from the receiver. (*Beach* v. *Reynolds*, 64 Barb. 506, 519, 521.) The action of Therasson & Bryan in procuring the transfers was violative of 2 Revised Statutes, 288, section 71, prohibiting the purchase by an attorney of a chose in action with intent to sue thereon. (*Mann* v. *Fairchild*, 2 Keyes, 106 ; *Baldwin* v. *Satson*, 2 Barb. Ch. 1396.)

*William Allen Butler* for respondent. Being the trustee of an express trust, and having the legal title, Wetmore had the right to maintain and continue the action in his own name without joining the parties to whom he was liable to account for the proceeds of any recovery. (*Considerant* v. *Brisbane*, 22 N. Y. 389 ; *Grennell* v. *Schmidt*, 2 Sandf. 706 ; *Rowland* v. *Phalen*, 1 Bosw. 43 ; *Reed* v. *Harris*, 7 Robt. 151 ; *Cummins* v. *Barkalow*, 4 Keyes, 514 ; *Allen* v. *Brown*, 44 N. Y. 228 ; *Green* v. *Niagara F. Ins. Co.*, 6 Hun, 128.) The objection taken at the trial that, at the death of Blackwell, his title did not devolve upon his administratrix the trust under which he held, was untenable. (*Bunn* v. *Vaughan*, 3 Keyes, 345 ; *S. C.*, 5 Abb. Pr. [N. S.] 269 ; *Emerson* v. *Bleakley*, id. 350 ; *Boone* v. *Citizens' Bk.*, 84 N. Y. 83, 87.) The defense attempted under the statute against champerty was wholly without foundation. (*Sheridan* v. *The Mayor*, 68 N. Y. 30 ; *Rasquin* v. *The Knickerbocker Stage Co.*, 12 Abb. Pr. 324 ; *Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y. 368 ; *Marshall* v. *Meech*, 51 id. 140 ; *Benedict* v. *Stuart*, 23 Barb. 421 ; *Fogerty* v. *Jordan*, 2 Robt. 319 ; *Voorhees* v. *Dorr*, 51 Barb. 580 ; *Mann* v. *Fairchild*, 2 Keyes, 106, 115, 116.)

EARL, J. The merits of the original action are not involved upon this appeal. It is not disputed that the amount reported by the referee in that action is due from the defendant to some one; but the claim made on his behalf is that it is not due to the plaintiff, and this claim will be first considered.

The original claim was for money due to the firm of Campbell & Moody, who were the original plaintiffs in the action, from Charles Kelsey, who was the original defendant. The money claimed in the action was due upon a contract between Campbell & Moody of the one part and Kelsey of the other. The action was commenced in June, 1855. Prior to that time Campbell & Moody had assigned to John S. Gilbert their claim against Kelsey under their contract with him, to secure Gilbert for a certain indebtedness which they owed him. Thereafter, and in January, 1865, Gilbert, for a good and valuable consideration, assigned all his claims against Campbell & Moody to James M. Blackwell. Afterward a receiver of the assets of the firm of Campbell & Moody was appointed, and he, under authority of the court, assigned the claim of Campbell & Moody against Kelsey, which was involved in the original action, to James M. Blackwell, and thus he, Blackwell, became vested with the entire legal title to the claim. Afterward Blackwell died, and his administratrix assigned the claim to the present plaintiff, Wetmore, and thus the legal title to the claim became vested in him.

It appears that Blackwell took the assignment from Gilbert and from the receiver at the instigation and request of Therasson & Bryan, a firm of lawyers; and that he took and held the claim expressly in trust for them, he having no interest therein except as such trustee. It also appeared that the assignment from Blackwell's administratrix to this plaintiff was made at the request and instigation of Therasson & Bryan, and for their benefit, and that the plaintiff took the assignment to himself and holds the claim expressly in trust for them. The title of the plaintiff, therefore, for the purposes of this action is just as valid and effectual for every purpose as if he held the claim absolutely in his own right. The title has been

placed in him by the only persons interested therein against the defendant. Recovery by him and payment to him will be an absolute protection to the defendant, and that is all he can require. He alleges no equities, set-off or counter-claims against Therasson & Bryan, and hence their absence as parties to the action can in no way harm or embarrass him. The plaintiff is, therefore, within the meaning of section 113 of the Code of Procedure, a trustee of an express trust, and can, therefore, maintain this action without joining with himself the persons beneficially interested in the claim. (*Considerant* v. *Brisbane*, 22 N. Y. 389 ; *Allen* v. *Brown*, 44 id. 228 ; *Greene* v. *The Niagara Fire Ins. Co.*, 6 Hun, 128; *Cummins* v. *Barkalow*, 1 Abb. Ct. App. Dec. 479.)

It is, however, objected on the part of the defendant that as Blackwell held the claim upon an express trust for Therasson & Bryan it did not pass to his administratrix, and hence her assignment to the plaintiff at the request and upon the procurement of Therasson & Bryan did not pass to him any title. This claim is not well founded. This trust did not devolve upon the Supreme Court upon the death of Blackwell as claimed by the counsel for the appellant. It was a trust pertaining to personal property, and it is well settled that the legal title to the property upon the death of the trustee in such a case passes to the legal representatives of the trustees. (*Bunn* v. *Vaughan*, 5 Abb. Pr. [N. S.] 269; *Emerson* v. *Bleakley*, id. 350 ; *Boone* v. *Citizens' Savings Bank of New York*, 84 N. Y. 83.) Under these authorities it is clear that the administratrix of Blackwell could transfer the legal title to this claim to the plaintiff, and as the transfer was made by the procurement and upon the request of the sole beneficiaries under the trust, no question whatever can be made that the plaintiff had a perfect title and has a sufficient standing to enable him to maintain this action.

It is further contended on behalf of the defendant that Therasson & Bryan, in procuring the title of this claim to be placed in the name of Blackwell and afterward in the name of the plaintiff, violated the section of the Revised Statutes (2 R. S. 288, § 71) which provides that "no attorney, counselor or

solicitor shall directly or indirectly buy, or be in any manner interested in buying, any bond, bill, promissory note, bill of exchange, book debt or other thing in action with the intent and for the purpose of bringing any suit thereon." It may be conceded that this section of the statute could be violated by an attorney who purchased a claim in the name of another as his trustee for the purpose of bringing a suit thereon in the name of the trustee for his benefit. But here the facts admitted in the pleadings and proved upon the trial show clearly that this claim was not purchased for the purpose of bringing a suit thereon. Before Therasson & Bryan became interested therein a suit had been instituted upon the claim by another attorney, and that suit was pending. The purchase which is complained of is the one made from the receiver of the assets of Campbell & Moody in 1867, when the action had been pending about twelve years. Therasson & Bryan had at that time for several years acted as attorneys for the plaintiff in the action, and also as attorneys for the receiver of the assets of Campbell & Moody, and at that stage of the case it is difficult to see how they could violate the statute. The aim of the statute was to prevent attorneys from purchasing claims for the express purpose of instituting suits thereon and thus oppressing debtors and making costs. (*Moses* v. *McDivitt*,\* recently decided in this court.) Here the suit had been commenced and was then pending, and being prosecuted by these very attorneys with every prospect of a successful result. We are, therefore, of the opinion that the evidence given and the evidence offered and excluded did not tend to show any violation of this statute.

We have now noticed the most important points to which our attention was called by the learned counsel for the appellant, and do not deem it important to notice particularly others contained in his brief submitted to us. It is sufficient to say that we find no error in the record, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.

---

\* *Ante,* p. 62.