GRAFTON.

---

WINCH *v.* BEAN & a.

A promise to furnish for the promisee a good and sufficient home at the promisor's house is broken by such treatment of the promisee there as he cannot reasonably be required to endure.

BILL IN EQUITY, by Dolly S. Winch against Sarah E. Bean and her husband, Charles W. Bean. Facts found by a referee. April 1, 1881, the plaintiff, being 76 years old, conveyed a four-acre lot

of land to the defendant Sarah, and delivered all her personal property except her clothing to the defendants, to be held by them subject to the condition hereafter mentioned. On the same day the defendants conveyed to the plaintiff the same lot of land, and their own homestead, by a deed containing the following condition: "if the said Sarah E. Bean and Charles W. Bean, their heirs, executors, and administrators, shall well and truly pay unto the said Dolly S. Winch, her heirs and assigns, the sum of one dollar each year during her natural life if she shall demand it, and furnish for her a good and sufficient home at their dwelling-house, wherever it may be, giving to her suitable meat, drink, clothing, lodging and nursing, caring for her in sickness and in health in such a way and manner as would be suitable for a woman of her age; also furnish for her a suitable nurse and fire when she may need it, and at her decease give her a suitable burial, and paying all bills for her support, doctoring, and any and all other bills that may be contracted to give her a suitable support for and during her natural life, then the foregoing deed is to be void." The plaintiff went to the defendants' house, and lived with them until November 23, 1881, when she left. The defendant Charles treated her with such harshness and disrespect that she was justified in leaving, and it is not reasonable to ask her to return. The defendants excepted to a decree that the plaintiff's title to the four acre lot become absolute; that a writ of possession issue therefor; and that, within two months, the defendants return to her the personal property, or pay her its value (fixed by the decree), and in default thereof that her title to the homestead become absolute, and be enforced by a writ of possession.

*Bingham, Mitchells & Batchellor*, for the defendants.

*Bingham, Aldrich & Remich*, for the plaintiff.

DOE, C. J. "A good and sufficient home at their dwelling-house," with the care "suitable for a woman of her age," was more than lodging, food, and raiment. A house where the plaintiff experienced treatment to which she could not reasonably be required to submit, and to which she cannot reasonably be asked to return, is not the home to which she is entitled. The referee should have further reported that for this reason, and on this ground, he found, as a matter of fact, that the defendants had broken the condition of the deed. But as this is presumptively his meaning, the exception will be overruled unless the defendants obtain an amendatory report showing a different conclusion.

Contracts of this kind frequently end in controversy, and sometimes in litigation. *Currier* v. *Currier*, 2 N. H. 76; *Hartshorn* v. *Hubbard*, ib. 453; *Dearborn* v. *Dearborn*, 9 id. 117; *Flanders* v. *Lamphear*, ib. 201; *Rhoades* v. *Parker*, 10 id. 83; *Holmes* v. *Fisher*,

13 id. 9; *Eastman* v. *Batchelder*, 36 id. 141; *Barker* v. *Cobb*, ib.
344; *Whitton* v. *Whitton*, 38 id. 127; *Center* v. *Center*, ib. 318;
*Bethlehem* v. *Annis*, 40 id. 34; *Wilder* v. *Whittemore*, 15 Mass.
262; *Lanfair* v. *Lanfair*, 18 Pick. 299; *Thayer* v. *Richards*, 19 id.
398; *Fiske* v. *Fiske*, 20 id. 499; *Wales* v. *Mellen*, 1 Gray 512;
*Gibson* v. *Taylor*, 6 Gray 310; *Robinson* v. *Robinson*, 9 id. 447;
*Marsh* v. *Austin*, 1 Allen 235; *Gilson* v. *Gilson*, 2 id. 115; *Pettee*
v. *Case*, ib. 546; *Clinton* v. *Fly*, 10 Me. 292; *Hoyt* v. *Bradley*, 27
id. 242; *Allen* v. *Parker*, ib. 531; *Brown* v. *Leach*, 35 id. 39; *Nor-
ton* v. *Webb*, ib. 218; *Lamb* v. *Foss*, 21 id. 240; *Philbrook* v. *Bur-
gess*, 52 id. 271; *Sibley* v. *Rider*, 54 id. 463; *Bryant* v. *Erskine*,
55 id. 153; *Fales* v. *Hemenway*, 64 id. 373; *Austin* v. *Austin*, 9
Vt. 420; *Crane* v. *Stickles*, 15 id. 252; *Briggs* v. *Beach*, 18 id. 115;
*Olcott* v. *Dunklee* 16 id. 478; *Dunklee* v. *Adams*, 20 id. 415; *Frizzle*
v. *Dearth*, 28 id. 787; *Henry* v. *Tupper*, 29 id. 358; *Ferguson* v. *Fer-
guson*, 2 N. Y. 360; *Chase* v. *Peck*, 21 id. 581; *Ferguson* v. *Kimball*,
3 Barb. Ch. 616; *Daniels* v. *Eisenloed*, 10 Mich. 454; *Hawkins* v.
*Clermont*, 15 id. 511; *Tucker* v. *Tucker*, 24 id. 426; *Smith* v. *Smith*,
34 Wis. 320; *Soper* v. *Guernsey*, 71 Pa. St. 219. They are often
improvidently made on both sides, and their general policy has
been doubted. 71 Pa. St. 219; 34 Wis. 320. But it is not always
easy for aged people to make contractual or testamentary arrange-
ments that will secure the desired home satisfactorily to both par-
ties. When such contracts are made, equity may sometimes
relieve from the forfeiture (*Bethlehem* v. *Annis*, 40 N. H. 34), but
their expediency is not a judicial question.

SMITH, J., did not sit: the others concurred.