SIMMONS *v.* MARTIN *et al.*

(*Supreme Court, Special Term, New York County.* November 6, 1888.)

FRAUDULENT CONVEYANCES—WHAT CONSTITUTE.

A debtor conveyed property to defendant to hold as security for the repayment of certain liabilities of the debtor assumed by defendant, and to reconvey to the debtor when the amount of such liabilities should be repaid to defendant; two years being allowed for the repayment. No actual fraud in the transaction was shown. *Held,* that the conveyance was not invalid as against the debtor's other creditors.[1]

Action by Isabella F. Simmons against John T. Martin, Latimer E. Jones, and others, to set aside a conveyance by Jones to Martin as in fraud of creditors. Jones, being largely indebted to one Benjamin Ludington, entered into an agreement with him and Martin, by which the latter agreed to pay $85,000 to Ludington, then due from Jones, and to allow Jones two years in which to repay the amount. Ludington agreed that Jones should have four, five, and six years in which to pay the balance of the indebtedness, which was not yet due, amounting to $300,000. Jones and his wife then conveyed to Martin property worth about $80,000, which he was to hold as security for the repayment of the amount of the debt assumed by him, and, on repayment of the same, to reconvey it. Plaintiff was a creditor to the amount of $14,704, for which she obtained a judgment after the date of the conveyance, on which execution was returned unsatisfied.

LAWRENCE, J. The agreement of September 4, 1886, which the plaintiff attacks in this action, does not, upon its face, purport to be a general assignment for the benefit of creditors. It is rather an instrument in the nature of a mortgage or pledge by which specific property is pledged as collateral security for advances to be made by the pledgee in taking up certain debts of Jones. Such being the case, I am of the opinion (no fraud, in fact, having been proven) that said agreement is not invalid as against the other creditors of Jones. In other words, this case seems to me to fall within the principles asserted in the cases of *Leitch* v. *Hollister,* 4 N. Y. 211, and *Dunham* v. *Whitehead,* 21 N. Y. 131, and not within the case of *Barney* v. *Griffin,* 2 N. Y. 365, and subsequent cases in which that case has been followed. For these reasons I am of the opinion that the complaint should be dismissed. Findings will be settled on two days' notice.