GREEN, J.
The main contention of the appellant’s counsel is that this assignment is void upon its face, as it purports to be given to Peel, “deputy sheriff,” and for the further reason that there is no beneficiary named in the assignment, and that, therefore, the instrument cannot be held to be an assignment in trust. This is the fundamental question to be decided upon this review, and upon its decision rests the disposition of this ease. There are other exceptions raised, but, upon examination, I am satisfied that they were properly disposed of by the referee. Iam of the opinion that the finding of the referee that this assignment was a valid and legal instrument must be sustained. By this assignment a trust of personalty was created, and the sheriff became the trustee of an express trust for the benefit of the judgment creditors in the exe» curious named in the assignment. A trust of personalty may be created for any purpose not forbidden by law, or contrary to public policy. ¡Nor is any formal or written instrument or memorandum thereof necessary. Day v. Roth, 18 N. Y. 448; Gilman v. McArdle, 99 N. Y. 451. Even though the property be transferred by an instrument absolute in form, the trust may be shown by parol evidence. Chase v. Chapin, 130 Mass. 128. The subject-matter and the purpose of the trust, and the persons who are to take the beneficial interest, may be ascertained by parol proof. Kramer v. McCaughey, 11 Mo. App. 426. As a general rule, all persons may be trustees; and there is no rule of law or statutory provision disqualifying a sheriff from taking an assignment of a claim from a judgment debtor, in trust for the benefit of the judment creditor in whose favor h© holds an execution, and to collect the claim and apply the proceeds in payment or satisfaction of the execution which he holds in his hands. ¡When the trust *850 becomes executed by assignment or delivery of tlie claim, it is-irrevocable by the assignee, so long as the judgment remains unpaid. Nor can it he questioned by his creditors, except upon the ground that it was made to hinder, defeat, delay, or defraud them. See Machine Works v. Kelly, 19 Hun, 399. The trustee is bound to hold the claim or securities assigned to him, and to apply the proceeds to- the benefit of the beneficiary. Morris v. Webb, 45 N. Y. Supr. Ct. 305. The assignee, by acceptance of the assignment, becomes a trustee for the persons designated, to the extent of- the moneys directed to be paid to them, and upon a collection o-f the claim an action will lie against him, by them, for the moneys so directed to he paid; and a parol agreement, made at the time of the assignment of the claim, as a part of the transaction, that a certain person should be paid a certain sum out of the proceeds of the claim, when collected, may, although it be not embodied in the written instrument, he proved on behalf of such person, he not being a party to the instrument. Warburton v. Camp, 55 N. Y. Supr. Ct. 290. It is a maxim o-f equity that a trust will not he permitted to fail for want of a trustee; so that, if the person named is incompetent-, another will be appointed. The inoompefency or disqualification of the person cannot affect the validity of the trust, nor impair its enforcement. The sheriff may become a trustee, independently of his official character, and is personally responsible for the execution of the trust. The assignment may be deemed to have been made to the incumbent of the office, in his individual, and not in his official, capacity. We are unable, therefore, to perceive upon what legal or equitable ground the other creditors have any claims upon these accounts, or their proceeds. See Bump, Fraud. Conv. 213, 405; Dunham v. Whitehead, 21 N. Y. 131. Indeed, the transaction may he considered as equivalent -to a levy by the sheriff. The sheriff, by virtue of this assignment, became a trustee of an express-trust, and. may sue in his own name for the benefit of the real party in interest; and so may the latter sue in their own names. Cumming v. Brown, 43 N. Y. 514, 524; Wetmore v. Hegeman, 88 N. Y. 69;
The judgment should be affirmed, with costs.
All concur.