(3 App. Div. 57.)

## DITMARS v. SMITH et al.

(Supreme Court, Appellate Division, Fourth Department. March, 1896.)

TRUSTS—ASSIGNMENT TO SHERIFF TO APPLY ON EXECUTION.
 Assignment of book accounts to "P., deputy sheriff, to apply on the executions he holds against me," is valid, and creates a trust in the property assigned, for the benefit of the creditors in the executions mentioned in the assignment.

Appeal from judgment on report of referee.

Action by George F. Ditmars against Arthur E. Smith and others. There was a judgment in favor of defendants, and plaintiff appeals. Affirmed.

Action to set aside an assignment made by defendant Smith to defendant Peel, a deputy sheriff, of certain book accounts to apply on execution against Smith in the hands of Peel, as deputy sheriff, for collection. January 16, 1895, James B. Ford recovered a judgment in the supreme court against Arthur E. Smith, the defendant in this action, for $3,634.80; and on the same day, and in the same court, John A. Parlett recovered a judgment against said Smith for $2,054.75. On the same day executions were issued thereon, and delivered to the defendant Peel, as deputy sheriff, who, under such executions, immediately levied on all the property of the judgment debtor, including his books of account, and, after due advertisement, sold the property at public sale. The amount so realized was $2,705.15, about $3,000 less than the executions in his hands. Prior to the sale about $1,000 in value of the property was surrendered to other creditors, who claimed such property so surrendered. The proceeds of the sale were credited by the deputy on the executions, in equal amount. Immediately after the levy was made the deputy sheriff obtained from the defendant Smith this assignment:

"Geneva, N. Y., Jan. 16, 1895.

"For value received, I assign and turn over to George A. Peel, deputy sheriff, to apply on the executions he holds against me, all of my book accounts, and the sums due thereon.          Arthur E. Smith."

After the sale of the goods, Peel proceeded to collect what he could of the book accounts, and indorsed the amounts so collected on the executions. Subsequent to this assignment, other creditors of the defendant Smith obtained judgments against him, and the plaintiff was afterwards duly appointed receiver under such judgments, and he brings this action as such receiver.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George L. Bachman, for appellant.
D. B. Backenstose, for respondents.

GREEN, J. The main contention of the appellant's counsel is that this assignment is void upon its face, as it purports to be given to Peel, "deputy sheriff," and for the further reason that there is no beneficiary named in the assignment, and that, therefore, the instrument cannot be held to be an assignment in trust. This is the fundamental question to be decided upon this review, and upon its decision rests the disposition of this case. There are other exceptions raised, but, upon examination, I am satisfied that they were properly disposed of by the referee. I am of the opinion that the finding of the referee that this assignment was a valid and legal instrument must be sustained. By this assignment a trust of personalty was created, and the sheriff became the trustee of an express trust for the benefit of the judgment creditors in the executions named in the assignment. A trust of personalty may be created for any purpose not forbidden by law, or contrary to public policy. Nor is any formal or written instrument or memorandum thereof necessary. Day v. Roth, 18 N. Y. 448; Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464. Even though the property be transferred by an instrument absolute in form, the trust may be shown by parol evidence. Chace v. Chapin, 130 Mass. 128. The subject-matter and the purpose of the trust, and the persons who are to take the beneficial interest, may be ascertained by parol proof. Kramer v. McCaughey, 11 Mo. App. 426. As a general rule, all persons may be trustees; and there is no rule of law or statutory provision disqualifying a sheriff from taking an assignment of a claim from a judgment debtor, in trust for the benefit of the judgment creditor in whose favor he holds an execution, and to collect the claim and apply the proceeds in payment or satisfaction of the execution which he holds in his hands. When the trust becomes executed by assignment or delivery of the claim, it is irrevocable by the assignee, so long as the judgment remains unpaid. Nor can it be questioned by his creditors, except upon the ground that it was made to hinder, defeat, delay, or defraud them. See Machine Works v. Kelly, 19 Hun, 399. The trustee is bound to hold the claim or securities assigned to him, and to apply the proceeds to the benefit of the beneficiary. Morris v. Webb, 45 N. Y. Super. Ct. 305. The assignee, by acceptance of the assignment, becomes a trustee for the persons designated, to the extent of the moneys directed to be paid to them, and upon a collection of the claim an action will lie against him, by them, for the moneys so directed to be paid; and a parol agreement, made at the time of the assignment of the claim, as a part of the transaction, that a certain person should be paid a certain sum out of the proceeds of the claim, when collected, may, although it be not embodied in the written instrument, be proved on behalf of such person, he not being a party to the instrument. Warburton v. Camp, 55 N. Y. Super. Ct. 290. It is a maxim of equity that a trust will not be permitted to fail for want of a trustee; so that, if the person named is incompetent, another will be appointed. The incompetency or disqualification of the person cannot affect the validity of the trust, nor impair its enforcement. The sheriff may become a trustee, independently of his official character, and is personally responsible for the execution of

the trust. The assignment may be deemed to have been made to the incumbent of the office, in his individual, and not in his official, capacity. We are unable, therefore, to perceive upon what legal or equitable ground the other creditors have any claims upon these ac-·counts, or their proceeds. See Bump, Fraud. Conv. 213, 405; Dunham v. Whitehead, 21 N. Y. 131. Indeed, the transaction may be considered as equivalent to a levy by the sheriff. The sheriff, by virtue of this assignment, became a trustee of an express trust, and may sue in his own name for the benefit of the real party in interest; and so may the latter sue in their own names. Cumming v. Brown, *43 N. Y. 514, 524; Wetmore v. Hegeman, 88 N. Y. 69.

The judgment should be affirmed, with costs. All concur.