### STEPHENS v. HUMPHREYS.

*(Supreme Court, General Term, First Department.  June 12, 1891.)*

ATTORNEY AND CLIENT—PURCHASE OF CHOSE IN ACTION BY ATTORNEY.

    In an action to foreclose a mortgage, brought by the assignee thereof, it appeared that one T., a client of plaintiff's attorney, who had a judgment against the mortgagor, entered into a contract for the purchase of the mortgage, having been advised to make the purchase for the protection of his interests. Afterwards T. decided that he did not want the mortgage, and asked the attorney to procure a purchaser. The attorney then induced plaintiff to take the mortgage, which he did, paying the price at the office of the mortgagee's attorney. *Held*, that there was no evidence that plaintiff's attorney was interested in the purchase of the mortgage, "for the purpose of bringing an action thereon," within the inhibition of Code Civil Proc. N. Y. § 73.

Appeal from special term, New York county.

Action by Melvin Stephens against Dorothy Humphreys, Robert Lewis Humphreys, Margaret E. Humphreys, his wife, Mary Elizabeth Hall, Thomas Hall, her husband, and Matthias Trimmer, to foreclose a mortgage. The defense set up is that plaintiff's attorney purchased the mortgage with the intent and for the purpose of bringing an action thereon, in violation of Code Civil Proc. § 73, which provides that "an attorney or counselor shall not, directly or indirectly, buy, or be in any manner interested in buying, a bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent and for the purpose of bringing an action thereon." The facts relating to the assignment are as follows: One Trimmer had a judgment against the mortgagors, under which a sale of the mortgaged premises was advertised. Trimmer was advised and decided to purchase the mortgage to protect himself, and avoid 15 months' right of redemption. Thereupon he made a contract with the mortgagee at her residence to purchase the mortgage. Afterwards Trimmer preferred not to take the mortgage, part of his judgment having been paid, and he asked his attorney, Mr. White, to procure a purchaser of the mortgage. Thereupon Mr. Stephens advanced the money, and took assignment of the mortgage at the office of the mortgagee's attorney, the late Stephen H. Thayer, and she was paid principal and interest in full. From a judgment of foreclosure defendant Robert L. Humphreys appeals. For former opinion, see 10 N. Y. Supp. 455.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*John K. Van Ness*, for appellant.  *Smith & White*, (*Silas B. Brownell*, of counsel,) for respondent.

PATTERSON, J. The learned judge who presided at the trial of this cause was fully justified in the remark he made at the close of the evidence, that not the slightest suggestion of a defense was presented in the proofs. The defendant R. L. Humphreys undertook to show that the bond and mortgage were purchased by attorneys with the intent and for the purpose of bringing an action thereon, in violation of the statute: Code Civil Proc. § 73. In the attempt to establish this defense the party interposing it signally failed. The attorneys had no personal interest in the transaction at all, and it clearly appears that the purchase was originally made with the object of protecting the interest of a judgment creditor, (Trimmer,) who subsequently, and because a payment had been made on account of his judgment, did not care to complete the transaction; and, at his request, his attorneys induced the plaintiff, who is not a lawyer, to buy the bond and mortgage, and he did so on his own account, and not as a mere cover for the attorneys; and, as he swears, (being

called as a witness for the defendant,) he "put the money into that security as an investment." Whether or not the plaintiff bought with an intent to foreclose is not material. The interdiction of the statute did not apply to him if he in good faith bought, and the attorneys were not "in any manner interested in buying." If they procured the purchase to be made in order that they might benefit, and the purchaser was merely acting in subserviency to their desire, the defense might be sustained; but it is plain that when Trimmer did not care to proceed with the matter, and asked the attorneys to find some one to take it off his hands, the plaintiff was induced to do so. The facts of the case as they appeared on the trial would not have authorized any other conclusion than that reached. It did not appear that the bond and mortgage were bought solely that the attorneys might bring a foreclosure first, and therefore the case is not controlled by what was decided in *Browning* v. *Marvin*, 100 N. Y. 144, 2 N. E. Rep. 635. The judgment must be affirmed, with costs. All concur.