to effectuate and carry out the intent and purposes of the trust deed, it was a valid exercise thereof, and that a purchaser who gave full value for the property obtained a good title thereto.　But if it is further insisted that Wiley was bound, from the knowledge he had as to the exact terms of the trust deed, to see that the strict letter, as to the form and manner of the execution of the power, was resorted to, then we think that, as between Wiley and the defendant here, his successor in title, a distinction is made.　The record title shows the formal exercise of the power of sale vested in the executors; and, while such formal exercise might not confer good title upon one who had knowledge of facts outside the record affecting its validity, still we do not think, as against subsequent purchasers in good faith, that such knowledge, outside of the record possessed by the original grantee, can be imputed to them so as to impair or affect their title.　We have, of course, in mind, the line of decisions holding that an invalid exercise of a power of sale, or the exercise of a power of sale given for one purpose when used to effect another, will not convey good title.　Here, however, so far as the present defendant is concerned, it cannot be held, upon the facts appearing, that defendant is chargeable with any knowledge except such as may be derived from the trust deed itself and the records showing the manner of its exercise, no claim being made of other actual knowledge brought home.　In other words, the full consideration having been paid, subsequent purchasers are in no way affected by the disposition that may be made of the proceeds realized upon a sale by trustees.　Our conclusion, therefore, is that the deed of February, 1849, by the trustees and Mrs. Dyett to Wiley, was a valid exercise of the power of sale; for the reasons that the trustees having power to sell the entire fee of the property at the option of Mrs. Dyett, and having sold the same for its full value, the apportionment of the interests of the life tenant and of the remainder-men, and the acquiescence in the sale of these interests separately for the purpose of discharging a lien upon one, were, upon the facts appearing, a proper exercise of their power for the purpose of carrying out the terms of the trust deed.　Had the sale been made, and the proceeds paid into court, the trustees, we think, would have been justified in paying the amount of the mortgage, which they could have been compelled to do in a suit brought for that purpose.　Having, therefore, reached the conclusion that the arrangement was not in contravention of the terms of the trust deed, and that too much stress should not be placed upon the form or manner of the execution of the power in trust, and the amount originally paid for the interest of the remainder-men being adequate and fair, resulting in no injustice to them, they should not now be permitted to successfully assail the validity of a title which has been acquired by purchasers in good faith for full value. We think, therefore, that the judgment should be affirmed, with costs.

VAN BRUNT, P. J.　I concur in the result of the foregoing opinion.　Upon the face of the record there appears to have been a valid exercise of the power contained in the original deed of trust, and, even if Wiley did have notice which affected the title in his hands, the notice to him could not affect the title of purchasers in good faith, whose only information as to the title came from the record.

ANDREWS, J.　I concur in the result.

---

### STEPHENS v. HUMPHREYS.

*(Supreme Court, General Term, First Department.　May 13, 1892.)*

FORECLOSURE SALE— SETTING ASIDE—CONDITIONS AS TO COSTS.
　　A judgment of foreclosure and order of sale having been affirmed by the general term, and notice of appeal to the court of appeals served, an order was entered fix-

ing the amount of the undertaking, and staying the sale until August 25th, but re-quiring defendant to pay the expense of advertising the adjournment. On August 19th defendant filed an undertaking, which was approved subject to the sureties justifying. On August 24th, defendant not having paid the expense of advertising, plaintiff procured an order requiring him to pay the same by 4 P. M. of that day, or that the sale should go on; and providing that, if he paid the same, the sale should be adjourned to September 8th, and requiring defendant to pay the expense of further adjournment on 24 hours' notice. On August 29th, and again on September 3d, defendant was notified to pay the expense of the adjournments, but paid no attention to the notices. On September 5th, upon affidavit that one of the sureties had appeared and justified, and that the other was absent from the city, defendant obtained an order that the time to file a new undertaking be extended to September 10th. The sale was made on September 8th, and on September 14th the other surety on defendant's undertaking justified. *Held* that, as the order of September 5th, extending the time, contained no provision adjourning the sale, and plaintiff's proceedings had not been stayed by the undertaking, and as defendant had failed to comply with the orders requiring him to pay the expenses of advertising, plaintiff was justified in directing the referee to proceed with the sale, and afterwards, on setting the sale aside on defendant's motion, the court had a right to impose the condition that defendant pay the costs thereof, and of the adjournment.

Appeal from special term, New York county.

Action by Melvin Stephens against Robert Lewis Humphryes, impleaded, etc., to foreclose a mortgage. From an order setting aside, on defendant's motion, a sale under an order of foreclosure and sale, but imposing the condition that defendant pay certain costs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and ANDREWS, J.

*John K. Van Ness,* for appellant.     *Smith & White,* for respondent.

ANDREWS, J. This action was brought to foreclose a mortgage, and judgment of foreclosure and sale was entered November 7, 1890. From such judgment the defendant Humphryes took an appeal to the general term of this court, where the judgment was affirmed. 14 N. Y. Supp. 910. Subsequently said defendant appealed to the court of appeals, and while such appeal was pending, and on September 8, 1891, the property covered by said judgment was sold at public sale by the referee therein named. Thereafter the plaintiff moved to set aside the sale, and such motion was granted, on condition that said defendant should pay $41.50, cost of advertising the adjournment of the sale, $25 to the referee, and $17 to the auctioneer, making in all the sum of $83.50. The claim made by said defendant is that plaintiff's proceedings were stayed, and that the granting of the order setting aside the sale was a matter of right, and that no conditions should have been imposed. The contention on behalf of the plaintiff is that there was no stay at the time the sale was made, that it was a matter of discretion with the court whether the sale should be set aside, and that it was a proper exercise of such discretion to require the defendant to make the several payments mentioned in the order appealed from.

The facts are as follows: The original judgment of foreclosure and sale was entered on November 7, 1890, and the judgment was affirmed by the general term on June 30, 1891. On July 25, 1891, defendant Humphryes served notice of appeal to the court of appeals, and on August 8, 1891, served an order to show cause, with a stay of sale until the amount of the undertaking to be given on appeal should be fixed. On August 10, 1891, an order was entered fixing the amount of the undertaking, to be given within 10 days from the date of the order at $3,000, and staying the sale for two weeks from August 11th, requiring said defendant to pay the sum of $58.90, the cost of advertising, before 11:30 A. M. on August 11th, and also to pay the expense of advertising said further adjournment; and said sum of $58.90 was paid as ordered. On August 19, 1891, said defendant filed an undertaking on appeal to the court of appeals, which was approved by a justice of this court, subject to the sureties justifying on notice. On August 24, 1891, Humphryes not having paid $27.30, the expense of advertising the notice of adjournment

of sale, plaintiff procured an order requiring Humphryes to pay the same by 4 P. M. of August 24th, or that the sale should go on; and providing that, if Humphryes paid said $27.30, the sale should be adjourned to September 8, 1891, and requiring said Humphryes to pay the expenses of further adjournment on 24 hours' notice. On August 29, 1891, Humphryes was notified that the expense of advertising the adjournment of sale was $41.50, and requested to pay the same pursuant to the order of August 24th. On September 3, 1891, Humphryes having paid no attention to the above notice, a new one was sent, to the same effect. On August 25, 1891, Humphryes' attorney served a notice that the sureties on the above-mentioned undertaking would justify on August 31st, at 12 o'clock M. On September 5, 1891, upon an affidavit to the effect that one of the sureties on said undertaking had appeared and justified, and that the other surety was absent from the city, and that the defendant had been unable to produce a surety proposed in the place of the absent surety, defendant's (Humphryes') attorney obtained an order that the time of said defendant to file and serve a new undertaking on appeal pursuant to the orders theretofore made, and to give notice of justification of the same or other sureties, be extended to and including September 10, 1891. As above stated, the sale took place on September 8, 1891. On September 14, 1891, the new surety justified, and the undertaking was approved. On October 10, 1891, the order was granted setting aside the sale, from a portion of which this appeal is taken.

We are of the opinion that the portion of the order appealed from should be affirmed. It has been decided by the special and general terms of this court that the defense interposed in this action is without merit. The conduct of the defendant in procuring an adjournment of the sale, and failing to pay the expense of advertising such adjournment, as required by an order of the court, was needlessly vexatious. It appears, moreover, that one of the counsel of the defendant Humphryes attended the sale, and was a party to the purchase of the premises by one Farnham, who gave a check for 10 per cent. of the price at which the property was knocked down to him, upon a bank in which he never had an account, and where he was unknown. Under these circumstances, if the court had the power, it was certainly a proper exercise of discretion to require the defendant to make the payments mentioned in the order appealed from a condition of setting aside the sale. We are of the opinion that the court did have such power. The original order of August 10, 1891, which fixed the amount of the undertaking, contained a provision directing an adjournment of the sale of the premises for two weeks from August 11th; but the above-mentioned order of September 5, 1891, which gave the defendant until September 10th to file and serve a new undertaking, and to give notice of justification of sureties, did not contain any provision whatever adjourning the sale. Plaintiff's proceedings had not been stayed by the undertaking, which had been filed, because one of the sureties had failed to appear and justify. The order of September 5th, which merely extended the time to file and serve a new undertaking, and to give notice of the justification of the sureties, did not, of itself, operate as a stay of proceedings. The defendant had failed to comply with the order of August 24, 1891, and pay $27.30, the expense incurred for advertising the adjournment to September 8th, although twice notified to pay the same. As the proceedings of the plaintiff were not stayed, and as the defendant had failed to pay the said $27.30, the plaintiff was legally and morally justified in directing the referee to proceed with the sale. The portion of the order appealed from should be affirmed, with costs.