### WARNER vs. PAINE and others.

An injunction will not be granted, to restrain the defendant from selling personal property, mortgaged to the complainant, under an execution against the mortgagor, which execution was issued prior to the execution of the mortgage.

A mortgage, or assignment, of personal property, to secure the payment of antecedent debts, is not entitled to a preference over an execution previously placed in the hands of the sheriff to be executed; although no levy had been actually made at the time of executing the mortgage, or assignment.

To enable the court of chancery to settle the question, in a suit between a mortgagee and a judgment creditor, whether an execution has been issued for more than was actually due upon the judgment, the judgment debtor is a necessary party.

The judgment debtor is also a necessary party to a bill to set aside an assignment of the judgment, upon the ground of its having been made in violation of the statute restraining attorneys, solicitors, and counsellors from purchasing notes and choses in action for the purposes of prosecution.

*It seems* there is nothing in the statute, to prohibit an attorney from buying a judgment for the purpose of issuing an execution thereon, and collecting the debt. The policy of the statute does not appear to embrace such a case.

THIS was an appeal from an order of the vice chancellor of the first circuit, denying the complainant's application for an injunction, to restrain the defendants from selling personal property mortgaged to her, under execution against the mortgagor.

*H. W. Warner*, for the appellant.

*A. W. Clason, Jun.* for the respondents.

Warner *v.* Paine.

THE CHANCELLOR. If the first mortgage to the complainant was accompanied by an actual delivery of the property and a continued change of possession thereof, the complainant is not entitled to an injunction. For she has a perfect remedy at law to protect her rights. But if there was no delivery of the property to her, at or before the giving of the first mortgage, it does not appear by her bill that such mortgage was filed, and renewed from time to time, so as to make it a lien either at law or in equity, as against a judgment creditor. Nor does she appear, by the bill, to have acquired any rights, as against the judgment creditor, by her second mortgage; for that mortgage was given after the execution was in the hands of the sheriff. And by the recent decision of the court for the correction of errors, in the case of *Ray* v. *Birdseye,* (*Dec. Term,* 1846,) and the decision of this court in the case of *Slade* v. *Van Veghten and others,* (11 *Paige's Rep.* 21,) a mortgage or assignment of personal property, to secure the payment of antecedent debts, is not entitled to preference over an execution previously in the hands of the sheriff to be executed; although the sheriff had not actually levied upon the property at the time of the making of such mortgage or assignment.

To settle the question whether the execution has been issued for more than was actually due upon the judgment, the judgment debtors are necessary parties. And the part of the bill which seeks to raise that question being liable to a demurrer upon that ground, is itself a good reason for refusing an injunction upon the ground that the execution was issued for too much. The same objection, of want of proper parties, would exist to a bill to set aside the assignment of the judgment because such assignment was made in violation of the statute restraining attorneys, solicitors, and counsellors, from purchassing notes and choses in action for the purposes of prosecution.

Again; if the judgment, as is alleged, had been purchased in violation of that statute, the complainant is not in a situation to raise the question in this way. If the assignment is void, the judgment is not paid. But it still belongs to the original owner thereof; who is entitled to sue out an execution

and collect the whole amount due thereon. Even where a suit is brought upon the chose in action, by the attorney or solicitor or counsellor who has purchased the same in violation of the statute, the plaintiff in the suit is only to be nonsuited, and to pay the costs to the defendant; but the debt is not in fact paid. I find nothing in the statute, however, prohibiting an attorney from buying a judgment, for the purpose of issuing an execution thereon, and collecting the debt out of the defendant's property which is liable to execution. And the policy of the statute does not appear to embrace such a case.

The application for an injunction was therefore properly denied. And the order appealed from must be affirmed with costs.