John H. Browning, Appellant, *v.* Oliver M. Marvin, Respondent.

Under the provisions of the Revised Statutes (2 R. S. 288, § 71), and *it seems* under the provisions of the Code of Civil Procedure (§ 73), prohibiting an attorney from buying directly or indirectly, or being interested in the purchase of a thing in action "with the intent and for the purpose of

bringing an action thereon," when the purpose of such purchase is to bring an action, and is induced by the procurement of an attorney, it comes within the act, whether the transfer be taken in his name or that of another person, and no cause of action can arise out of a transfer thus prohibited.

(Argued June 4, 1885; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 16, 1883, which affirmed a judgment in favor of defendant, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Nathaniel C. Moak* for appellant. The only evidence as to the purchase being that of .Domett, that Prentice conducted the negotiations for the purchase and witnessed the written assignments to plaintiff, and that of plaintiff himself, that he was the absolute owner of the claims, and the assignments being to plaintiff and in writing, he is the real party in interest, and this suit could not be defended on the ground that he is not. (Old Code, § 111 ; Code of Civ. Pro., § 449; *Amy* v. *Steen*, 93 N. Y. 661; *Brown* v. *Penfield*, 36 id. 473; *Fish* v. *Jacobson*, 2 Abb. Ct. App. Dec. 132; *Sheridan* v. *Mayor*, 68 N. Y. 30; *Meeker* v. *Claghorn*, 44 id. 349 ; *Allen* v. *Brown*, id. 228; *Easton* v. *Alger*, 47 id. 345 ; *Foster* v. *Bullock*, 17 N. Y. Week. Dig. 397; 30 Hun, 311.) Under his answer which simply denied the transfer to plaintiff, defendant could show that the former owner had not transferred the claims, but not that he had transferred them to plaintiff for the benefit of some one else. Where it is claimed plaintiff is not the real party in interest the answer must allege who is. (*Saunders* v. *Chamberlain*, 13 Hun, 568; *Plant* v. *Snyder*, 4 Abb. [N. S.] 146 ; 7 Rob. 271.) The mere fact that Prentice purchased, even for his own benefit, if he took the assignment to plaintiff, would not prevent a recovery in the name of plaintiff, for by taking the assignment to plaintiff, Prentice would have made plaintiff his trustee of the claims for him, and that would have

entitled him to recover as the real party in interest. ( *Wetmore* v. *Hegeman*, 88 N. Y. 69; *People* v. *Livingston*, 79 id. 280; *Prescott* v. *Tousey*, 50 N. Y. Supr. 12; *Mead* v. *N. Y.*, etc., 22 Daily Reg. 209.) Mere proof that Prentice, as the avowed agent for plaintiff, conducted the negotiations and took written transfers to plaintiff, did not justify a finding that Prentice was in fact the purchaser. (22 Hun, 548; *Moses* v. *McDevitt*, 88 N. Y. 62.) The court erred in not permitting the plaintiff to prove the extent of the interest of Domett in the firm assets of Domett & Nichols. (*Browning* v. *Marvin*, 22 Hun, 547.) In the absence of a plea of non-joinder one of several tenants in common of a claim, suing alone, may recover his share thereof, and one of several joint tenants, of a claim so suing, may recover the whole thereof. If the evidence admissible, under any other plea, whether a denial or otherwise, shows the plaintiff not to be the sole owner of the claim, such evidence does not go to wholly defeat or bar plaintiff's recovery, but only in diminution of damages or recovery. (*Dewey* v. *Moyer*, 9 Hun, 473; *Dickinson* v. *Vanderpoel*, 2 id. 626; *O'Toole* v. *Garvin*, 1 id. 92 ; *Guck* v. *Keneda*, 27 Barb. 120 ; *Abbe* v. *Clark*, 31 id. 238; *Merritt* v. *Walsh*, 32 N. Y. 685 ; *Zabriskie* v. *Smith*, 13 id. 322.) No allegation in the complaint of an assignment, by Nichols to Domett, of Nichols' interest in the claim was necessary in order to entitle plaintiff to give evidence of the extent of Domett's interest. (*O'Brien* v. *McCann*, 58 N. Y. 373; *Prevot* v. *Lawrence*, 51 id. 219 ; *Peck* v. *Winne*, id. 641; *Johnson* v. *White*, 6 Hun, 587.) If a contract be averred to be that of three persons, proof of a contract by two of them is admissible and is not a variance. ( *Williams* v. *Allen*, 7 Cow. 316; *Minor* v. *Mechanics' Bk.*, 1 Peters, 73; *Scott* v. *Shears*, 9 Cush. 504.) The transfer from Nichols to Domett need not have been in writing to be valid, and if the court excluded the proof on the ground that a written transfer was necessary, it erred. (*Doremus* v. *Williams*, 4 Hun, 458.)

*Henry C. Willcox* for respondent. The record of the pro-

ceedings in bankruptcy was admissible, as showing that the assignment to plaintiff transferred nothing, because of the firm of Domett & Nichols having been previously divested of all its title. (Bankrupt Act, §§ 5049–5054; *Smith* v. *Brinkerhoff*, 8 Barb. 552; affirmed, 6 N. Y. 305; *Ayer* v. *Barstow*, 5 L. R. 501; *Amsinck* v. *Bean*, 22 Wall. 403.)

RUGER, Ch. J. The complaint counted upon two causes of action, viz. : The first being for the recovery of money alleged to have been overdrawn — by the defendant in excess of his salary, while a clerk in the employ of Domett & Nichols, and the second being upon a note given by the defendant to said Domett for a partnership debt; both causes of action being claimed to have been assigned to the plaintiff. The answer alleged in substance that the claim described in the first count of the complaint had been paid by the defendant, and discharged, by an arrangement made between himself and Domett & Nichols before its transfer to the plaintiff, and as to both causes of action that they were purchased by an attorney at law, one Augustus Prentice, of Domett, for the purpose of bringing an action thereon, and denied that the plaintiff is the owner or holder of the note, or that it had been assigned to him. The evidence showed that the demands in suit accrued, if at all, to the partnership firm of Domett & Nichols prior to September, 1872, and if not extinguished by payment, remained their property until December, 1875, when they were transferred by Domett in form to the plaintiff. It also tended to prove that they were purchased by one Augustus Prentice, an attorney at law; that the purchase-price was paid by his check, and he stated that he wanted them to use against Marvin, because Marvin was suing him. The plaintiff testified that he never had any dealings with Domett, Nichols or Marvin, and that he did not know Marvin; that he never had the assignment to take charge of it, although he had had it in his hands to look at; that Prentice suggested the purchase to him, but that he, plaintiff, furnished the money to buy the claim, and Prentice had never repaid it to him; that

Prentice was his cousin and his attorney in this and other matters. Suit was brought on these claims immediately after their purchase. The evidence also tended to show that by virtue of an arrangement made between Domett & Nichols and the defendant prior to December, 1875, the claim mentioned in the first count of the complaint was by the rendition of services by the defendant to Domett & Nichols settled and paid, and his liability therefor released by the firm. No questions except those arising on this evidence were left to the jury, and they were submitted under a charge unobjected to by the plaintiff save in one respect hereinafter mentioned; and the facts were determined in favor of the defendant.

The verdict cannot now be disturbed unless some material exception was taken by the plaintiff to the charge or to the reception or exclusion of evidence.

We think that there is no such exception. The statute in force at the time of the purchase of these claims forbade any attorney, counselor or solicitor from directly or indirectly buying, or being interested, in the purchase of any bond, bill, promissory note, bill of exchange, book-debt or other thing in action with the intent or for the purpose of bringing any suit thereon. It also provides that "no attorney, counselor or solicitor, by himself or by or in the name of any other person, either before or after action brought, shall lend or advance, or agree to lend or advance, or procure to be lent or advanced, any money or any bond, bill of exchange, draft or other thing in action, to any person as an inducement to the placing or in consideration of having placed in the hands of such attorney, counselor or solicitor, or in the hands of any other person, any debt, demand or thing in action for collection." A violation of these provisions is declared a misdemeanor. (2 Edm. Statutes at Large, 298, §§ 71, 72, 73.) Section 73 and those following of the Code of Civil Procedure are substantially re-enactments of the former statute. When the purpose of such a purchase is to bring an action thereon, and it is induced by the procurement of an attorney it comes within the act, whether the transfer be taken in the name of the attorney or that of an-

other person. (*Arden* v. *Patterson*, 5 Johns. Ch. 44.)    The statute expressly forbids such a purchase when the prohibited purpose is attempted to be accomplished, either directly or indirectly, by the attorney in person or through the agency of another; and no cause of action can arise out of a transaction thus prohibited. (*Wetmore* v. *Hegeman*, 88 N. Y. 73; *Baldwin* v. *Latson*, 2 Barb. Ch. 306.)

The evidence was sufficient to authorize the finding of the jury, and it necessarily passed upon the question of the intent with which the purchase was made.    The purchase of both claims was consummated by one contract, and the purpose with which they were bought must necessarily have been the same. The court expressly charged the jury if it found that the purchase in question was made by Prentice for the purpose of putting the claims in suit, that a suit would not lie upon the claims thus purchased.    This was the only defense to the note which was submitted by the court to the jury, and its finding is conclusive as to the identity of the person buying, and the object with which the claims were bought.

The only exception taken to the charge by the plaintiff was to "that portion" "where the court instructed the jury that if the claim was purchased by Mr. Prentice the plaintiff could not recover."    It is a sufficient answer to this exception to say that the court made no such charge; but even if the counsel had properly repeated what the court said, and had then excepted, it would have been unavailing, as the court correctly charged, for the reasons already stated.

The exceptions taken to the admission of the evidence showing Prentice's agency in buying these claims and the intent with which they were bought are also unavailing for the same reasons.

Most of the other exceptions taken by the plaintiff to the admission and exclusion of evidence, relate to the proof affecting the extent of the interest which Domett had in the partnership assets of Domett & Nichols, after their insolvency, and dissolution, and seem to us to be either improperly taken, or entirely unimportant.    None of them state the particular grounds

upon which the .objections are made, and the evidence taken thereunder was all excluded from the consideration of the jury by the limitations, under which the same was submitted by the court.

Evidence was given by the defendant tending to show that he had paid the note in suit by rendering services to Domett & Nichols after the dissolution and before its assignment to plaintiff. After this evidence was taken, without objection, the defendant offered to prove some of the circumstances accompanying the transaction, to which the plaintiff objected. No ground of objection was stated, and we think, under the circumstances, that the exception taken to the admission of the evidence was unavailing.

We have examined the other, exceptions referred to on the argument, and none of them seem to be of sufficient importance to merit particular notice.

The judgment should be affirmed.

All concur.

Judgment affirmed.