GEORGE W. MAXON, Respondent, *v.* JOHN J. CAIN and RACHEL ANNIE CAIN, Appellants, Impleaded with Others.

*Proof that an attorney bought a bond and mortgage with the intent and for the purpose of bringing an action thereon.*

An attorney purchased a bond and mortgage and paid the purchase price by giving his note therefor, payable at the end of two and a half months, and within an hour after the purchase made a search against the premises, and, without making any demand for payment of the mortgage debt, immediately drew up the papers in a foreclosure action and served them on the afternoon of the same day.

*Held,* that, in the absence of some satisfactory explanation, the facts justified a finding that the attorney purchased the bond and mortgage "with the intent and for the purpose of bringing an action thereon," in violation of section 73 of the Code of Civil Procedure, and that the action could not be maintained by him.

APPEAL by the defendants, John J. Cain and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 4th day of May, 1897, upon the decision of the court rendered after a trial at the Saratoga Trial Term before the court without a jury.

*Horace E. McKnight,* for the appellants.

*George W. Maxon* and *J. S. L'Amoreaux,* for the respondent.

PER CURIAM:

This action was brought to foreclose a bond and mortgage given by the defendant, John J. Cain, which the plaintiff claimed had been assigned to him. The sole defense was, that the plaintiff, an attorney, purchased them with the intent and for the purpose of bringing an action thereon in violation of the provisions of section 73. of the Code of Civil Procedure, and that no cause of action can arise out of the transactions thus prohibited. (*Browning* v. *Marvin,* 100 N. Y. 144, 149.)

After a careful consideration of the evidence contained in the case, we reach a conclusion different from that arrived at by the learned trial judge.

The plaintiff purchased the bond and mortgage on the 16th day of February, 1897, receiving the assignment at about half-past ten o'clock in the morning; within an hour he commenced making a search against the property and immediately drew up the papers in an action upon the bond and mortgage, which were served on the defendants on the afternoon of the day of the purchase.

The plaintiff gave his note for such bond and mortgage, payable on the first day of May thereafter, without interest. The action was commenced without making any demand for payment of the defendants.

We think that the facts and circumstances clearly show purchase of the security by the plaintiff for the purpose of bringing an action thereon. Nor is the testimony in the case in our opinion sufficient to sustain the claim of the respondent, that he purchased the bond and mortgage as an investment of money in his hands, of clients, and that, after such purchase, he first formed the purpose of bringing an action, in consequence of information received from one John

Welsh that the mortgaged premises were of doubtful security for the amount he had advanced. The plaintiff had commenced making the search before the time of the conversation with Welsh. He had been acquainted with the mortgaged premises a long time, had discussed the value thereof with the party from whom he obtained the bond and mortgage. He does not testify that he believed or placed any reliance whatever on what Welsh told him. He made no further inquiries as to the value of the mortgaged premises after the conversation with Welsh, nor does it appear that such premises were not of sufficient value to insure the plaintiff's advance; but at once, and without giving the mortgagor an opportunity to pay the claim, he commenced an action. Had he purchased the property as an investment for his clients without intending to bring an action thereon, and afterwards became doubtful in consequence of information received from Welsh as to whether the farm was an adequate security for the amount advanced, he would naturally have made an investigation as to the value of the mortgaged premises, and not being satisfied as to such value, would have given the mortgagor an opportunity to pay the debt, thus avoiding the unnecessary expenses of a foreclosure.

It will be observed that the note which the respondent gave on the purchase of the bond and mortgage became due on May 1, 1897, and the action for the foreclosure of the bond and mortgage was commenced on the 16th day of February, 1897. Unless a defense had been interposed, the plaintiff could have effected a sale of the mortgaged premises before the maturity of the note.

The facts and circumstances shown lead irresistibly to the conclusion that the respondent purchased the bond and mortgage with the unlawful intent of bringing an action thereon; the almost instantaneous change of purpose which he claims was formed after such purchase was not satisfactorily established.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.