### MAXON v. CAIN et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

ATTORNEYS—CONVEYANCES—CHAMPERTY—EVIDENCE.

  Code Civ. Proc. § 73, provides that no attorney shall buy, or be in any manner interested in buying, a bond, note, or other thing in action, with the intent of bringing an action thereon. An attorney purchased a bond and mortgage February 16th, at 10:30 a. m., and within an hour commenced a search against the property, and drew up papers in an action on the bond, which were served on the afternoon of the same day, without previous demand for payment. He gave a note in payment of the bond, which became due May 1st following, allowing sufficient time for sale of the property covered by the mortgage if no defense should be interposed to the suit. *Held,* sufficient evidence of purchase with intent of bringing an action thereon.

Appeal from trial term, Saratoga county.

Action by George W. Maxon against John J. Cain and Rachel Annie Cain, impleaded. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Horace E. McKnight, for appellants.

George W. Maxon, in pro. per. (J. S. L'Amoreaux, of counsel), for respondent.

PER CURIAM. This action was brought upon a bond and mortgage. The sole defense was that the plaintiff, an attorney, purchased them with the intent and for the purpose of bringing an action thereon, in violation of the provisions of section 73 of the Code of Civil Procedure, and that no cause of action can arise out of the transac-

tions thus prohibited. Browning v. Marvin, 100 N. Y. 144, 149, 2 N. E. 635. After a careful consideration of the evidence contained in the case, we reach a conclusion different from that arrived at by the learned trial judge. The plaintiff purchased the bond and mortgage on the 16th day of February, 1897, receiving the assignment at about half past 10 o'clock in the morning. Within an hour he commenced making a search against the property, and immediately drew up the paper in an action upon the bond and mortgage, which were served on the defendants on the afternoon of the day of the purchase. The plaintiff gave his note for such bond and mortgage, payable on the 1st day of May thereafter, without interest. The action was commenced without making any demand for payment of the defendants.

We think the facts and circumstances clearly show purchase of the security by the plaintiff for the purpose of bringing an action thereon. Nor is the testimony in the case, in our opinion, sufficient to sustain the claim of the respondent that he purchased the bond and mortgage as an investment of money in his hands, of clients, and that after such purchase he first formed the purpose of bringing an action, in consequence of information received from one John Welsh that the mortgaged premises were of doubtful security for the amount he had advanced. The plaintiff had commenced making the search before the time of the conversation with Welsh. He had been acquainted with the mortgaged premises a long time; had discussed the value thereof with the party from whom he obtained the bond and mortgage. He does not testify that he believed or placed any reliance whatever on what Welsh told him. He made no further inquiries as to the value of the mortgaged premises after the conversation with Welsh, —nor does it appear that such premises were not of sufficient value to secure the plaintiff's advance,—but at once, and without giving the mortgagor an opportunity to pay the claim, commenced an action. Had he purchased the property as an investment for his clients, without intending to bring an action thereon, and afterwards become doubtful, in consequence of information received from Welsh, as to whether the farm was an adequate security for the amount advanced, he would naturally have made an investigation as to the value of the mortgaged premises, and, not being satisfied as to such value, would have given the mortgagor an opportunity to pay the debt, thus avoiding the unnecessary expenses of a foreclosure. It will be observed that the note which the respondent gave on the purchase of the bond and mortgage became due on May 1, 1897, and the action for the foreclosure of the bond and mortgage was commenced on the 16th day of February, 1897. Unless a defense had been interposed, the plaintiff could have effected a sale of the mortgaged premises before the maturity of the note. The facts and circumstances shown lead irresistibly to the conclusion that the respondent purchased the bond and mortgage with the unlawful intent of bringing an action thereon. The almost instantaneous change of purpose which he claims was formed after such purchase was not satisfactorily established.

The judgment should be reversed, and a new trial granted; costs to abide the event.