## TILDEN v. AITKIN.

(Supreme Court, Appellate Division, Third Department.　January 11, 1899.)

1. ATTORNEYS AT LAW—MAINTENANCE—SPECIAL PROCEEDINGS.

　Code Civ. Proc. § 73, prohibiting an attorney from buying a demand with intent to bring an action thereon, does not preclude him from buying a demand which he believed had been allowed by an administratrix with intent to institute a special proceeding under sections 3333, 3334, to call her to account before the surrogate, in view of the fact that the words "an action," in section 73, were substituted for the words "any suit" in the former statute (2 Rev. St. p. 288, § 711).

2. TRIAL—DIRECTION OF VERDICT—WAIVER.

　A defendant moving to dismiss the complaint on special grounds after the parties have rested, waives his right to have the facts in reference to such grounds submitted to the jury.

3. SAME—OBJECTIONS.

　Defendant cannot object to a direction of a verdict for the sum which his own witness testified was due, though there was evidence that a part thereof was paid, where he did not request that the question of payment be submitted to the jury when he saw that the court was directing a verdict.

Appeal from trial term.

· Action by L. Royce Tilden against Nellie L. Aitkin, as administratrix with the will annexed of the estate of J. Scott Aitkin, deceased.　Judgment for plaintiff, and defendant appeals.　Affirmed.

　This action was brought to recover $3,000 and interest, loaned by one Mary J. L. Storm to defendant's testator on the 28th day of April, 1896; the claim having been assigned to the plaintiff, an attorney, prior to the commencement of the action.　The defenses interposed were as follows:　Denial of the loan; payment, if the loan was in fact made; that the claim was rejected, and the action not commenced within six months thereafter; that the cause of action did not accrue within 7½ years before the commencement of the suit; that the plaintiff, an attorney, bought the demand with an intent to bring an action thereon in violation of the provisions of section 73 of the Code of Civil

Procedure. At the close of the evidence the following proceedings took place: "Defendant's counsel moves to dismiss the complaint on the grounds: 'First. No cause of action has been established in favor of the plaintiff against the defendant. Second. It appears from the testimony in this case that the plaintiff is an attorney and counselor at law, and became interested, directly or indirectly, or bought, and directly or indirectly, or in some manner, became interested in buying, a chose in action referred to in the complaint of the plaintiff, in violation of the statute in such case made and provided. Third. That it appears that the plaintiff is not the owner and holder for value of the alleged cause of action referred to in the plaintiff's complaint. Fourth. That Mary J. L. Storm, if any other person, is the real owner thereof. Fifth. That it appears that this action was commenced on the 15th day of February, 1897, more than six months after the rejection of the claim presented to the defendant by Mary J. L. Storm, and that the plaintiff in this action never presented any claim. ✻ ✻ ✻' Plaintiff's counsel asks the court to direct a verdict for the plaintiff. The Court: 'Gentlemen, you will find for the plaintiff in this action in the sum of $2,675.58.' The jury so rendered. Defendant excepts to the direction."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Bernard J. Tinney, for appellant.

Brownell & Cochrane (A. V. Z. Cochrane, of counsel), for respondent.

PUTNAM, J. The first question to consider is whether or not the trial judge erred in denying defendant's motion to dismiss the complaint. The only ground on which he could have granted such a motion, if any, was that the plaintiff, an attorney, unlawfully purchased the claim in suit with a view of commencing an action thereon. On all the other questions in the case there was sufficient evidence to sustain a verdict in favor of the plaintiff. There was no conflict in the evidence in regard to the purchase of the demand in suit by the plaintiff. He made such purchase at the request of Mrs. Storm's attorneys, and as an accommodation to her, and without deriving, or intending to derive, any benefit to himself. Before he received the assignment of the demand, he was assured and believed that there was no opposition to the claim by the defendant, that it had been allowed, and payments made thereon by her, and that it would not be necessary to commence an action thereon. But it was intended to take a proceeding in the surrogate's court to compel the defendant to account, with a view of bringing about the payment of the demand thus admitted and allowed. The question before the trial court on defendant's motion was whether an attorney, who bought, under such circumstances, a demand which he believed had been allowed by an administratrix, with a view of calling her to account before the surrogate, violated the provisions of section 73 of the Code of Civil Procedure. This section prohibits an attorney from buying a demand with a view and for the purpose of bringing an action thereon. It is a penal statute, and the words therein should not be given a construction beyond their ordinary meaning. The proceeding which plaintiff proposed to take in the surrogate's court to collect a claim which he thought was undisputed was not an action, but a special proceeding (Code, §§ 3333, 3334; Libbey v. Mason, 112 N. Y. 537, 20 N. E. 355); and therefore was not prohibited by the terms of the statute in question. The cases to which we have been referred show a disposition on the part of the

courts to give the provisions of the statute prohibiting attorneys from buying demands with an intent to commence an action thereon a restricted, rather than a contrary, construction.    Moses v. McDivitt, 88 N. Y. 62; Brotherson v. Consalus, 26 How. Prac. 215; Hall v. Bartlett, 9 Barb. 297; Fay v. Hebbard, 42 Hun, 490.    The case of Maxon v. Cain, 22 App. Div. 270, 47 N. Y. Supp. 855, and the other authorities on which the appellant relies, do not throw any light on the question involved,—whether an attempt to call an administratrix to account, with a view of obtaining payment of a valid claim, is an intent to commence an action within the meaning of section 73 of the Code of Civil Procedure.    I think the trial court reached a correct conclusion in the matter.    The intent with which the plaintiff purchased the claim was not an unlawful one by the terms of the section in question, and to hold the contrary we should be compelled to give the words of the statute a meaning other than a natural one.    It will be observed that the words "an action," in section 73, supra, were substituted in the place of "any suit" in the former statute (2 Rev. St. p. 288, § 71). The word "suit" is a more comprehensive word than "action," and might include a special proceeding.    See Cent. Dict.    The change of the statute in the Code of Civil Procedure by substituting the word "action" for "suit" indicates a legislative intent to limit the prohibition to cases where attorneys shall purchase demand with intent to commence "actions"—as defined by the same statute—thereon.    I think that no error was committed by the court below in denying the motion to dismiss the complaint.

It remains to be considered whether the court erred in directing a verdict for the plaintiff, the defendant at the close of the evidence having requested a dismissal of the complaint.    The doctrine is well settled that where, after the parties have rested, the defendant moves for a nonsuit, or a dismissal of the complaint, or a direction of a verdict in his favor, and does not request the submission of any question to the jury, he is estopped from raising the point on appeal that there were questions of fact that should have been thus submitted.    By his request to the court to dispose of the case, he virtually agrees to submit the questions of fact to the judge, and, under such circumstances, if there is any evidence to uphold the decision, it must be sustained. Dillon v. Cockcroft, 90 N. Y. 649; Ormes v. Dauchy, 82 N. Y. 443; Winchell v. Hicks, 18 N. Y. 558; O'Neill v. James, 43 N. Y. 84; Muller v. McKesson, 73 N. Y. 195; Green v. Shute (Com. Pl.) 7 N. Y. Supp. 646. Neither of the authorities cited by the appellant—Sheldon v. Insurance Co., 26 N. Y. 460; Koehler v. Adler, 78 N. Y. 287; Stone v. Flower, 47 N. Y. 566; Bank v. Dana, 79 N. Y. 108; Trustees v. Kirk, 68 N. Y. 459; Vail v. Reynolds, 118 N. Y. 297–300, 23 N. E. 301; Wombough v. Cooper, 2 Hun, 428—holds a contrary doctrine to that above stated, except, perhaps, the case of Wombough v. Cooper.    The views advanced in that case must, I think, be deemed overruled by Dillon v. Cockcroft, supra, and the other authorities above cited.

But it is claimed by the appellant that, although she made a motion to dismiss the complaint on specific grounds, there were other questions of fact in the case, not referred to in her motion, and as to which her right to go to the jury was not waived; and hence her exception to the

direction of a verdict without asking to submit any question of fact to the jury presents a question which this court may consider. If this position can be sustained under the authorities above cited, nevertheless the trial court was authorized to withhold from the jury the questions which the defendant had requested it to pass upon on the motion to dismiss the complaint. One ground of the motion was that no cause of action had been established in favor of the plaintiff. This raised the question as to whether or not Mrs. Storm had made the loan of $3,000 to defendant's testator. The court was thereby authorized to determine that issue. Had no motion been made, however, by defendant, the result would have been the same. The defendant on the trial called Mrs. Storm as her witness, and proved by her the loan of $3,000, and there was no dispute in the evidence in that regard.

The second ground on which the defendant moved to dismiss the complaint was that the plaintiff, an attorney, had unlawfully purchased with intent to commence an action thereon. The defendant, therefore, by her motion, waived her rights to submit the facts in reference to such purchase to the jury. But if not, as we have seen, there was no substantial dispute as to such facts, and the court, in the absence of any motion to dismiss, would have been authorized to withdraw that question from the jury.

The defendant also asked the court to dismiss the complaint on the ground that the action was not commenced within six months after the rejection of the claim, and by such motion authorized the court to determine any question of facts relating to such rejection. Had she not made any motion, I am inclined to think the court could properly have made the same disposition of the case. The only rejection proved was a service of a notice thereof by mail. The law does not authorize such a service, although, if in fact received, it will be a valid one, and the mailing thereof raised a presumption that it was received. The defendant, however, called Mrs. Storm as her witness in the case, and it was shown by her that she never received such a notice. Mrs. Storm was not a party to the action, and, having been called by the defendant, we think on her uncontradicted testimony the court was authorized to withhold from the jury the question raised as to the short statute of limitations, had no motion been made to dismiss on the ground that the action was not brought within six months after the rejection of the claim.

The only question in the case, therefore, not referred to in the defendant's motion to dismiss, and which, if any, should have been submitted to the jury, was the amount paid on the claim in suit, and the sum due plaintiff on the loan. It will be observed that the defendant called as a witness and examined Mrs. Storm at length, and proved by her the facts in reference to the loan of $3,000 to the defendant's testator, and the payments thereafter made on account of such loan. Mrs. Storm was defendant's witness, and, as said in Hunt v. Fish, 4 Barb. 324: "A party cannot be allowed to insist that his own witness is not to be believed. He has the right, if surprised by his testimony, to show by other witnesses that the facts testified to are otherwise." After Mrs. Storm had testified, Mr. Cochrane was called as a witness for the plaintiff and sworn as to the amount due to the plaintiff according to Mrs.

Storm's testimony, computing the interest on the loan of $3,000, and deducting the payments thereon as to which Mrs. Storm had testified. No question was raised as to the accuracy of his computation, based on Mrs. Storm's testimony, and that the amount for which the trial judge directed judgment was due the plaintiff,—$2,675.58, according to her statement. The judge therefore directed judgment for the sum which the defendant by her own witness had just proved was due on the loan. It is now claimed that the defendant was entitled to have the jury pass on the question whether or not certain checks given by the testator to the witness Aitkin were in fact payments on the claim in suit, to the end that the amount of the recovery might be reduced. As I have endeavored to show, the court, under all the circumstances, was authorized to withdraw all questions in the case from the jury, unless that of the amount of damages. It was authorized to direct a verdict. Should it have submitted to the jury the question of the amount of payments made on the demand in suit? Under Mrs. Storm's testimony, there was no question in that regard. It is doubtful whether Mr. Aitkin gave any testimony which would authorize a court or jury to determine that the checks in question were payments on the loan. Payment is an affirmative defense, and it was incumbent on the defendant to show, if such was the fact, that the checks were payments on the note. Mr. Aitkin hardly testified to that. He did not appear to know whether they were or not. I think the trial court, after the defendant had made Mrs. Storm her witness, examined her as to the loan, amount of payments made thereon, and shown by her that the sum of $2,675.58 was due on account of the loan, was authorized to assume that no question was raised as to payments. If the defendant, after her witness had given testimony showing that the sum of $2,675.58 was the balance due on the loan, wished to have submitted to the jury the question whether the checks as to which the witness Aitkin had testified were payments on the demand, she should have called the attention of the court to the matter. She was called upon to specify the very question she wished submitted to the jury. Waters v. Marrin, 13 Daly, 57; Bank v. Marshall (Sup.) 9 N. Y. Supp. 355; Yale v. Dart (Com. Pl.) 26 Abb. N. C. 487, note (s. c. 13 N. Y. Supp. 277). Assuming that there was a question as to the checks that could have been submitted to the jury, when the defendant saw that the court was directing a verdict on the assumption that the amount stated by her witness, Mrs. Storm, as due on the loan was the correct sum, she was bound to ask the court to submit to the jury the question as to the checks, concerning which Aitkin testified, if any question there was in that regard. As said in Frantz v. Ireland, 66 Barb. 389: "A party cannot lie by at the trial, and suffer the court to direct a verdict on the assumption that there is no question of fact involved, and then, on a general objection to the direction, claim that there was a question of fact to be submitted to the jury, and which he did not suggest on the trial."

The judgment should be affirmed, with costs. All concur.