(39 Misc. Rep. 304.)·

### HAAS v. ZIMMERMANN et al.

(Supreme Court, Appellate Term. November, 1902.)

1. WITNESS—IMPEACHMENT.
  Where defendant calls another defendant as a witness, he is bound by his testimony, where it is uncontradicted.

Appeal from city court of New York, general term.

Action by Charles Haas against Jacob A. Zimmermann and another. From a judgment of the general term affirming a judgment for defendant Zimmermann, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Max Silverstein (Charles C. Peters, of counsel), for appellant.
John P. Everett, for respondent.

FREEDMAN, P. J. The action is brought to recover the sum of $400, the amount of a check made by the defendant Zimmermann to the order of the defendant Uhlfelder, delivered by Zimmermann to Uhlfelder, and by the latter indorsed over and delivered to the plaintiff for value. The defendant Zimmermann alone answered. His answer admits the making of the check, its presentment at the bank, and the nonpayment thereof, but it denies the indorsement to the plaintiff for value, and then sets up an affirmative defense that the check was delivered to Uhlfelder as security for the performance of certain work by Zimmermann, upon the completion of which work the check was to be returned; that the said work was duly completed; and that the plaintiff had notice of the conditions upon which the check was delivered. At the trial both parties gave evidence, and at the close of the evidence the plaintiff moved for a direction of a verdict for the amount of the check. The motion was denied, and the plaintiff duly excepted. The case was thereupon submitted to the jury, who found for the defendant.

Upon full examination of the case, it clearly appears that the plaintiff was entitled, as a matter of law, to the direction of a verdict in his favor. Even if there was a diversion of the check by Uhlfelder, the plaintiff showed that he had no notice, and that he gave full value for the check, by paying to Uhlfelder, upon the faith thereof, $370 in cash, and canceling an indebtedness of $32, which was reduced to $30. The testimony of the defendant himself simply established a diversion. The defendant then called as a witness the defendant Uhlfelder, but he fully corroborated the testimony of the plaintiff upon the point that the plaintiff was a bona fide holder for value and without notice. The defendant then called as a witness one

Abraham Weinberg, who was present at the time the plaintiff took the check, but he also corroborated the testimony of the plaintiff. There is absolutely no testimony in the case contradicting that of the plaintiff and of the witnesses Uhlfelder and Weinberg, and consequently their testimony to the effect that the plaintiff was a bona fide holder for full value and without notice should have been accepted by the court as true, and a verdict should have been directed for the plaintiff. True, it is elementary that the testimony of a party, when given in his own behalf, is not conclusive, even when uncontradicted. The credibility of such party is for the jury. But it is also elementary that a party calling a witness asserts his credibility. Therefore, when a party calls a witness whose credibility, had he testified for the opposing party, would have been for the jury, he is bound by the testimony of such a witness, where it is uncontradicted. He cannot be heard to assert that his own witness is not worthy of credit. Hunt v. Fish, 4 Barb. 324; Tilden v. Aitkin, 37 App. Div. 28, 55 N. Y. Supp. 735; Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292. The further facts which incidentally appeared in the course of the testimony of the plaintiff and of Uhlfelder, and which also remained wholly uncontradicted, to the effect that the plaintiff, not having a bank account, when told by the paying teller of defendant's bank to deposit the check, gave the check to Uhlfelder for collection, without receiving anything for it; that Uhlfelder attempted to collect it through his bank; and that, not being able to do so, because defendant's bank objected to the correctness of defendant's signature, he returned it to the plaintiff, who has had it ever since,—are not, upon the whole case, sufficient suspicious circumstances to deprive the plaintiff of the benefit of the rule as above stated. The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.