ADA BEERS, Appellant, *v.* HENRY HAVENS WASHBOND and Others, Respondents, Impleaded with ELIZABETH WASHBOND.

*Champerty — purchase of a chose in action by an attorney with intent to sue thereon — the attorney's donee or assignee may enforce it for her own benefit — presumption that it is enforced for her benefit.*

While an attorney who buys a chose in action for the purpose of bringing any suit thereon cannot himself enforce the same, he acquires a good title to the chose in action, which he may transfer to another either by gift or for value, and his donee or assignee may enforce such chose in action for her own benefit, although she was cognizant of the unlawful purpose with which the attorney purchased it.

If it appears that the action brought by the attorney's donee or assignee is brought in the interest of the attorney the court may refuse relief, but the presumption in such a case is that the action is brought solely in the interest of the donee or assignee, even though she be the wife of the attorney.

APPEAL by the plaintiff, Ada Beers, from an interlocutory judgment of the Supreme Court in favor of the defendants, Henry Havens Washbond and others, entered in the office of the clerk of the county of Essex on the 21st day of November, 1902, upon the decision of the court, rendered after a trial at the Essex Special Term, overruling the plaintiff's demurrer to the second defense set up in the amended answer of the defendants, other than the defendant Elizabeth Washbond.

The action is brought to foreclose a bond and mortgage. The answer, in part, is as follows :

"And said defendants, further answering, allege, upon information and belief, at the time of the alleged purchase of the alleged bond and mortgage mentioned in said complaint by Benjamin F. Beers of and from Wallace Murray, the said Benjamin F. Beers was an attorney and counsellor of this court, and engaged in the practice of his profession as such within the county of Essex, and so, also, was Fred W. Dudley the attorney for the plaintiff herein, and that while being such attorneys and counsellors he, the said Beers, by way of negotiations by letter, conducted by the said Fred W. Dudley for himself or said Beers, or for both, with Wallace Murray, then the owner of said mortgage, purchased and took an assignment of said alleged bond and mortgage, with the intent

and for the purpose, on the part of both said Beers and said Dudley, of bringing this action in this court thereon, contrary to the provisions of the statutes of the State of New York, and particularly of section 73 of the Code of Civil Procedure, and that no right of action was acquired by such assignment. .

"And said defendants further allege, on information and belief, that said plaintiff is the wife of said Benjamin F. Beers, and had full knowledge of the facts hereinbefore stated, and that she paid nothing for the alleged assignment to her of said alleged bond and mortgage, and thereby, by reason of all the facts above stated, she acquired no valid title to said bond and mortgage nor any right to bring or maintain this action."

The defense was demurred to as insufficient in law upon the face thereof. This demurrer was overruled by the trial judge, and from the judgment entered upon the decision overruling the demurrer this appeal is taken.

*Fred W. Dudley,* for the appellant.

*Byron Pond,* for the respondents.

SMITH, J.:

Under the Revised Statutes it was provided that an attorney should not buy, or be interested in buying, anything in action with the intent and for the purpose of bringing any suit thereon. (2 R. S. 288, § 71.) It was further provided that no attorney should loan or advance moneys as an inducement to placing or as a consideration for having placed in his hands any demand for collection. (Id. § 72.) For a violation of these provisions the attorney was made liable, criminally, as for a misdemeanor, and it was provided that he should be removed from office in the several courts in which he was licensed. (Id. § 73.) By section 75 (Id.) it was provided that the defendant might give notice of a defense to the effect that the demand had been purchased for prosecution contrary to law, and by section 81 (2 R. S. 289) it was provided that if such defense should be proven the plaintiff should be nonsuited. But these provisions of the Revised Statutes were all repealed by chapter 417 of the Laws of 1877. At that time the Code of Civil Procedure had been enacted (Laws of 1876, chap. 448), and in that Code

sections 71, 72 and 73 of the Revised Statutes were substantially re-enacted as sections 73, 74 and 75 of the Code of Civil Procedure. Sections 75 and 81 of the Revised Statutes, however, which authorized the defendant to set such matter up in defense of an action brought and directed a nonsuit if the same were proven, were not re-enacted. The failure to re-enact those provisions has thrown some doubt upon the right of a defendant to defend the action upon a claim bought in violation of the statute. The right, however, seems to have been recognized since the repeal of the statutes above referred to in *Maxon* v. *Cain* (22 App. Div. 270) and in *Browning* v. *Marvin* (100 N. Y. 144). It does not appear that the fact of the repeal of those provisions of the Revised Statutes was brought to the attention of the court in those cases, but this fact is not, in my judgment, of sufficient weight under the circumstances to permit us to ignore the authority of these decisions.

The question then is squarely presented whether the assignee of an attorney who would be forbidden to prosecute because of his unlawful purchase, takes any title which can be enforced. We are referred to no cases where this question has been involved and decided. The object of the statutory provision against champerty has been repeatedly stated to be the prevention of oppression by unnecessary litigation which would follow from the right of an attorney to purchase a claim for the sole purpose of enforcing it in the courts and getting costs therefrom. The statute nowhere makes the purchase void, nor does it declare that title shall not pass. The attorney cannot use the court for the accomplishment of his illegal purpose. Nevertheless the debt is not paid. To hold that no title passes would leave with the assignor the right to collect the debt for which he has once been paid. It would seem to us that every purpose of the statute would be satisfied by denying to the attorney the use of the courts for the purpose of prosecution. To give to his assignee, whether by gift or for value, the right to enforce a claim has in it none of the mischief sought to be prevented by the statute. If that assignee be a dummy so that the prosecution be in fact made in the interest of the attorney, although in the name of another party, the court might well refuse relief.

The answer here challenged, however, states nothing more or less than a gift to the wife of the attorney. This prosecution is pre-

sumptively in her interest and in no way the interest of the attorney who is alleged to have improperly purchased the claim. It cannot matter whether the gift to her was with knowledge of the illegal purpose with which the attorney purchased, provided he had any title which he might give to an assignee.

A contrary holding upon this question would be productive of much embarrassment. The purchase of any security which had at any time passed through the hands of an attorney would leave the purchaser's title open to inquiry as to whether that attorney had made such a purchase as is within the condemnation of the statute. There are many securities which have been purchased by attorneys legitimately and passed on to subsequent holders. If the title of the subsequent holder of every such security were subject to challenge by reason of the intent with which that attorney had purchased it would cast a suspicion upon all securities passing through the hands of attorneys, and would leave a subsequent holder at the mercy of an unscrupulous attorney through whose hands the security had passed, who might make proof of his secret intent in his purchase thereof which it would be impossible to disprove. If, then, an interpretation may be given to the provision of section 73 of the Code which will prevent the possibility of these complications and which will at the same time in no way infringe upon the object of the statute, the court should adopt that interpretation. We are, therefore, of opinion that while an attorney upon such a prohibited purchase would have no right of action to enforce the security, he may pass title to the security either to a *bona fide* holder or to one who had full knowledge of the illegal purpose, and such a purchaser may have the aid of the court for the enforcement of such a security provided only that the purchase of the security and its enforcement are not in fact in the interest of the attorney.

The decision of the Special Term must be reversed and the demurrer sustained, with leave to the defendant to amend upon payment of costs of the demurrer and the costs of this appeal.

All concurred; HOUGHTON, J., not sitting.

Interlocutory judgment reversed and demurrer sustained, with costs, with leave to defendant to amend upon payment of costs of this appeal.