WATERTOWN BUSINESS MEN'S ASSOCIATION, Plaintiff, *v.* FRED A. GREEN, Defendant.

Supreme Court, Jefferson County, March, 1923.

**Debtor and creditor — assignment of debt to corporation — defense — failure to show corporation solicited claim.**

An assignment to a corporation of a claim for debts is valid even though the transfer was for the sole purpose of commencing an action thereon, and a defense that the assignment was in violation of the provision of section 280 of the Penal Law, making it unlawful for a corporation to solicit a claim or demand for the purpose of commencing an action thereon, is unavailing where the evidence shows no solicitation on the part of the assignee.

ACTION to recover upon assigned accounts for goods sold and delivered.

*Henry J. Kimball,* for plaintiff.

*Joseph Nellis,* for defendant.

EDGCOMB, J. Plaintiff, a membership corporation, brings this action to recover upon two claims assigned to it by third parties. Defendant admits his indebtedness to the assignors. He defends solely upon the ground that the assignment to the plaintiff was made with the intent and for the purpose of bringing an action thereon. This he claims was in violation of section 280 of the Penal Law, and will prevent a recovery by the plaintiff.

At the close of the evidence each party moved for a direction of a verdict; the plaintiff for the sum total of the two accounts, with interest, and the defendant for a dismissal of the complaint.

If the assignment of these claims to the plaintiff is prohibited by statute no cause of action can arise out of the transaction thus forbidden. *Browning* v. *Marvin,* 100 N. Y. 144, 149; *Maxon* v. *Cain,* 22 App. Div. 270; *Beers* v. *Washbond,* 86 id. 582, 584.

Briefly stated, section 280 of the Penal Law makes it unlawful for a corporation or voluntary association to practice law, or solicit legal business. A violation of the act is made a misdemeanor.

The first sentence simply forbids a corporation to practice law. The second sentence, and the part upon which defendant bases his defense, amplifies and enlarges the above prohibition by making

it unlawful for a corporation to solicit a claim or demand for the purpose of bringing an action thereon, or of representing the party as attorney in relation thereto.   There is no provision making it unlawful for a corporation to purchase a chose in action, even if it be done with the intent and for the purpose of commencing an action thereon.   The vice sought to be prevented is not the assignment of a claim, but its solicitation.

The statute is penal in its nature, and prohibits what otherwise might lawfully be done.   Hence it must be strictly construed. The Penal Law (§ 274) makes it unlawful for an attorney to buy a chose in action with the intent and for the purpose of bringing an action thereon.   This provision has repeatedly been given a restricted rather than a contrary construction.   *Moses* v. *McDivitt,* 88 N. Y. 62; *Wetmore* v. *Hegeman,* Id. 69; *Tilden* v. *Aitkin,* 37 App. Div. 28, 30; *Fay* v. *Hebbard,* 42 Hun, 490; *Hall* v. *Bartlett,* 9 Barb. 297; *Warner* v. *Paine,* 3 Barb. Ch. 630; *Brotherson* v. *Consalus,* 26 How. Pr. 213; *Townshend* v. *Fromer,* 15 Civ. Pro. Rep. 8; *Goodell* v. *People,* 5 Park. Cr. Rep. 206.   The same leniency should be exercised in construing the section in question.

The section in question (§ 280) was added to the Penal Law in 1909 by chapter 483 of the Laws of that year.   At that time there was a growing tendency on the part of corporations to engage in the practice of law through attorneys in their general employ, and who owed their allegiance primarily to the corporation rather than the client.   It has always been recognized that the right to practice law should be confined to those individuals who had complied with the requirements of the statute and the rules of the court.   The purpose of the section was to put an end to the ever-increasing number of impersonal corporations which were exercising those functions which could properly be performed only by an individual, who had been duly admitted and licensed as an attorney, and who was an officer of the court and under its supervision and amenable to its discipline.   *People* v. *People's Trust Co.,* 180 App. Div. 494.   The preamble to the original act shows its purpose.   It reads as follows:   " An act to amend the Penal Law in relation to corporations practicing law."   " Corporations and voluntary associations not to practice law " is the heading of the section.   Nowhere is it evident that the legislature sought to restrain a corporation from taking an assignment of a chose in action even for the purpose of instituting a suit thereon, if such procedure was not a part of its scheme to engage in the practice of law.   Such a provision should not be read into this section by implication.

The record here is barren of any importunities or action on

the part of the plaintiff which brought about this assignment. This is an affirmative defense, and the burden rests upon the defendant to bring himself within the prohibition of the statute. If the plaintiff or any of its officers were on trial for a violation of this statute, undoubtedly evidence of the purchase of these accounts would be admissible as a part of the chain of testimony necessary to convict, but standing alone it would be insufficient and the charge would of necessity be dismissed.

It was sought to compare this section with section 274, which expressly provides that an attorney shall not directly or indirectly buy or be in any manner interested in buying a chose in action with the intent and for the purpose of bringing an action thereon. The two sections must not be confused. Their provisions are not the same. The evils which the legislature sought to eradicate by the passage of the two acts are entirely different.

We have already noted the reason why section 280 was enacted. The aim of the statute so far as the other section is concerned was to prevent attorneys from oppressing debtors and making costs by buying a demand with a view and for the express purpose of suing the same. The law looks with favor upon the settlement of disputes. It does not approve of fomenting litigation. The legislature recognized the impropriety of allowing an attorney, one who had it in his power to encourage or frown upon litigation, to get control of claims and nurse to life and activity one which might otherwise be disposed of without litigation or oppression.

The law has never thought it necessary to prevent a claim being assigned to a person, not an attorney, even though the transfer be for the sole purpose of commencing an action thereon. No apparent evil has ever resulted from such procedure. Certainly no more mischief could arise from an assignment to a corporation than to an individual. So that the reason for preventing an account being transferred to an attorney does not exist in the case of a corporation.

The accounts in question were assigned to the plaintiff on the 24th and 25th of February, 1921. This action was commenced on the following day. It does not appear that payment was demanded before the action was commenced. Under the circumstances I think it clearly appears that the purchase by the plaintiff was for the purpose of suing the claim. *Maxon* v. *Cain*, *supra*. However, if I am right in my conclusions, there is no declaration forbidding the assignments, and, as the evidence shows no solicitation on the part of the assignee, plaintiff will not be denied the right to use the courts to enforce the collection of the indebtedness to which it now has title.

It follows, therefore, that the defense in question is unavailing, and that a verdict should be directed in favor of the plaintiff for the sum of $268.07, with interest on $173.46 from September 30, 1920, and on $94.61 from April 1, 1920.

So ordered.

Judgment accordingly.