■ JOSEPH PURO, Respondent, v. LOUIS PURO, Appellant.— Order of the Supreme Court, Nassau County, entered December 1, 1967, which granted

plaintiff's motion for summary judgment (CPLR 3213), and judgment of said court entered February 5, 1968 pursuant to the order reversed, on the law, with $10 costs and disbursements, and said motion denied. The parties are brothers. On July 31, 1965 defendant made and delivered to plaintiff a promissory note in the sum of $50,000 (plus interest), payable on January 22, 1966, and a promissory note in the sum of $55,000 (plus interest), payable on February 3, 1966. Both notes were dishonored on their due dates. On January 21, 1966, the day before the due date on the first note, plaintiff indorsed both notes and delivered them to Inland Credit Corporation apparently in return for the face amount of the notes and interest. Inland sued defendant and plaintiff on the notes in Supreme Court, New York County. Inland's motion for summary judgment was denied by Special Term on the ground that triable issues of fact existed, particularly with respect to a claimed violation of section 275 of the Penal Law; that decision was affirmed on appeal (*Inland Credit Corp.* v. *Puro,* 27 A D 2d 706). On February 8, 1967 plaintiff reacquired the notes from Inland, paying Inland the same amount that Inland had originally paid for the notes. Thereupon, the action by Inland was discontinued by stipulation without prejudice. Plaintiff then commenced the present action to recover on the notes. In response to plaintiff's motion for summary judgment, defendant alleged that plaintiff had conspired with Inland to violate section 275 of the Penal Law, that the reassignment by Inland to plaintiff was part of a conspiracy, and that counterclaims pleaded by defendant and the issues raised by the conspiracy prevented the granting of summary judgment. Special Term granted summary judgment to plaintiff. We think the issues raised by defendant should not be decided on affidavits. Section 275 of the Penal Law (now Judiciary Law, § 489) prohibits the trafficking in promissory notes with the intent to bring actions thereon, subject to certain exceptions not here applicable (*Sprung* v. *Jaffe,* 3 N Y 2d 539). Triable issues of facts as to the intent of Inland and plaintiff were found to exist in the New York County action; and the same facts are again asserted here. The reassignment of the notes by Inland to plaintiff is said by defendant to constitute further acts in the advancement of the conspiracy to violate section 275 of the Penal Law. The time-honored public policy of avoiding the enforcement of champertous transactions (cf. *Browning* v. *Marvin,* 100 N. Y. 144) should not be brushed aside merely on the claim that the reassignment was for value and with no purpose to confer benefit on the original assignee. The relationship between Inland and plaintiff and the details of the transactions between them are known only to them and should be exposed under cross-examination of plaintiff (cf. *Overseas Reliance Tours & Travel Serv.* v. *Sarne Co.,* 17 A D 2d 578; *De France* v. *Oestrike,* 8 A D 2d 735). Thus, whether the reassignment purified the earlier champerty (cf *Beers* v. *Washbond,* 86 App. Div. 582; *Creteau* v. *Foote & Thorne Glass Co.,* 40 App. Div. 215, 219) or was simply a continuation of the same violation is a question of fact not susceptible of determination on the papers submitted at Special Term. Moreover, we are of the opinion that triable issues are raised by defendant's counterclaims. Hopkins, Benjamin and Martuscello, JJ., concur; Rabin, Acting P. J., and Munder, J., dissent and vote to affirm the order and the judgment.