Sol Wachtler, J.
These two motions are brought in an action for damages for violation of section 489 of the Judiciary Law. The plaintiff, in the first cause of action, claims that the defendants, Salvo Realty Corp. and Berlin, purchased by assignment a mortgage and note, then in foreclosure, on property owned by such plaintiff for the sole purpose of foreclosing the mortgage. The second cause of action involves the defendants Berlin and Landau Investors Corporation and alleges that these defendants took an assignment of a judgment for the sole purpose of causing the Sheriff to execute on it. The third cause of action also alleges an assignment of a judgment for purposes of executing on the same. The defendants have moved to dismiss these causes of action pursuant to CPLR 3211 (subd. [a], par. 7).
The plaintiff by way of cross motion, moves for summary judgment on all causes of action or for partial summary judgment on any cause of action and for a direction that the matter be set down for inquest.
*321 The motion to dismiss the first three causes of action in the complaint is granted.
The motion by the defendants to dismiss is addressed to that part of the complaint where plaintiff claims to be damaged by virtue of an alleged violation of section 489 of the Judiciary Law. The applicable part of this section reads as follows: “§ 489. * * * No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, and no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon ”.
While the court cannot condone the alleged actions of the defendants, these actions do not, in the opinion of this court, constitute a violation of the section. The section is construed to prohibit, by its wording, the transfer of claims prior to the institution of any proceeding or action. Although judicial interpretation of this section has been infrequent, in the case of Wetmore v. Hegeman (88 N. Y. 69, 73) the court in construing a similar statute in effect at that time said: “ The aim of the statute was to prevent attorneys from purchasing claims for the express purpose of instituting suits thereon and thus oppressing debtors and making costs. * * * Here the suit
had been commenced and was then pending, and being prosecuted by these very attorneys with every prospect of a successful result.”
One of the earliest cases in this State construed still another statute of similar language in the following manner: ‘e I find nothing in the statute, however, prohibiting an attorney from buying a judgment, for the purpose of issuing an execution thereon, and collecting the debt out of the defendant’s property which is liable to execution. And the policy of the statute does not appear to embrace such a case.” (Warner v. Paine, 3 Barb. Ch. 630, 632.) Indeed that decision also held that if the transfer were in violation of the section, the transferee is subject merely to a nonsuit and it is doubtful whether an action could be brought for damages.
All three causes of action which are the subject of this motion deal with lawsuits which have been commenced, and the mischief the statute seeks to avoid is nonexistent. The cross motion is denied.