■ BELLARNO INTERNATIONAL LIMITED, Respondent, v IRVING TRUST COMPANY, Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered October 31, 1989, denying the motion of defendant Irving Trust Company (Irving) to dismiss plaintiff's amended complaint against it pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

Plaintiff, as account party, claimed that Irving, as confirming bank, wrongfully paid under a standby letter of credit issued by defendant Commercial Bank of New York (Commercial). After commencement of the action, plaintiff's action against Commercial was voluntarily dismissed and Commercial assigned its rights to plaintiff.

Irving's contention that plaintiff may not maintain this action because plaintiff was not in privity with Irving is without merit, inasmuch as plaintiff, as assignee, acquired the contractual rights of the issuing bank, including standing to maintain an action *(see, Auto Servicio San Ignacio v Compania Anonima Venezolana De Navegacion,* 765 F2d 1306, 1308 [complaint dismissed on other factual grounds]).

Nor was the assignment champertous. Here, plaintiff was not a stranger to the transaction, and the assignment was made for the purpose of facilitating a recovery as compensation for an alleged wrong *(see,* Judiciary Law § 489; *Coopers & Lybrand v Levitt,* 52 AD2d 493, 497-498), in an action already commenced and pending. Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.