■ Thomas H. Fahrenholz, Appellant, v Security Mutual Insurance Company et al., Respondents. National Fire Adjustment Company, Inc., Appellant. (Appeal No. 1.) [788 NYS2d 546]—

Appeals from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered October 24, 2003. The order granted that part of defendants' motions for summary judgment dismissing the complaint with respect to the first $45,000 of plaintiff's claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motions are denied in their entirety.

Memorandum: In March 1999, fire destroyed a commercial

rental property owned by plaintiff and insured under a policy issued by defendant Security Mutual Insurance Company (Security Mutual) through its agent, defendant The Kreiner Company, Inc. (Kreiner). Shortly after the fire, plaintiff retained National Fire Adjustment Company, Inc. (NFA) to represent him in negotiating a settlement of his claim under the policy. Plaintiff and Security Mutual were unable to reach an agreement on the amount of the loss, and plaintiff commenced this action in May 2000 alleging, inter alia, breach of contract. In August 2000 and October 2001, while the action was pending, NFA made loans totaling $45,000 to plaintiff on condition that plaintiff provide NFA with an assignment of insurance proceeds in that amount. NFA agreed that, if plaintiff's loss was settled for less than $45,000, the difference between the settlement amount and the loan amount would be forgiven.

Supreme Court erred in granting that part of the motions of Security Mutual and Kreiner seeking summary judgment dismissing the complaint with respect to the first $45,000 of plaintiff's claim on the ground that the transaction between plaintiff and NFA violates Judiciary Law § 489 (1). That section, which codifies the ancient doctrine of champerty, prohibits anyone engaged in the adjustment of claims and any corporation from "buy[ing] or tak[ing] an assignment of . . . any claim . . . with the intent and for the purpose of bringing an action or proceeding thereon." Here, the loans were made after the action was commenced and pending, and thus were not made "with the intent and for the purpose of bringing an action" (*id.*; *see Wetmore v Hegeman*, 88 NY 69, 73 [1882]; *Rosenkrantz v Berlin*, 65 Misc 2d 320, 321 [1971]; *Sygma Photo News, Inc. v Globe Intern., Inc.*, 616 F Supp 1153, 1157 [1985]; *see also Bellarno Intl. v Irving Trust Co.*, 165 AD2d 809 [1990]; *Coopers & Lybrand v Levitt*, 52 AD2d 493, 498 [1976]). Further, plaintiff did not assign his claim against defendants to NFA, but merely assigned to NFA an interest in the proceeds of the policy (*see generally Williams v Ingersoll*, 89 NY 508 [1882]; *Sierra v Garcia*, 168 AD2d 277, 278 [1990]; *Grossman v Schlosser*, 19 AD2d 893 [1963]). In addition, plaintiff did not cede control of the litigation to NFA or add any further claims against defendants following the loan transactions (*cf. Richbell Info. Servs. v Jupiter Partners*, 280 AD2d 208, 211-214 [2001]; *Ehrlich v Rebco Ins. Exch.*, 225 AD2d 75, 77-78 [1996], *lv dismissed* 89 NY2d 1029 [1997]). We therefore conclude that the loans made by NFA to plaintiff did not violate Judiciary Law § 489. We reject the contention of defendants that they are entitled to summary judgment on the alternative ground that the conduct of NFA constitutes the unauthorized practice of law by a corporation (*see* Judiciary Law § 495).

Finally, the court properly denied Security Mutual's cross motion to disqualify and remove Duke, Holzman, Yaeger & Photiadis LLP as counsel for plaintiff based upon an alleged conflict of interest between plaintiff and NFA (*see Bison Plumbing City v Benderson*, 281 AD2d 955 [2001]). Present—Green, J.P., Scudder, Gorski and Hayes, JJ.